JOANNA MULFORD and others, Respondents, *v.* JAMES MULLER and others, executors, etc., of John Cassidy, deceased, Appellants.

Parol evidence is competent to show that an assignment, absolute in terms, is intended as collateral security merely.

THIS was an action, that was brought in the Supreme Court against John Cassidy, since deceased, to foreclose a mortgage on certain real estate situated in the county of Suffolk; which mortgage was dated the 10th day of November, 1857, and executed by Cassidy to secure the payment to the plaintiffs of the sum of $9,450, with interest at six per cent, in the manner and at the times specified in the condition of a bond given by Cassidy, that accompanied the mortgage.

The condition of the bond contained the following clause: "It being understood that said Cassidy shall assign and transfer to said obligees (who were the plaintiffs), $5,500 of the principal of a certain judgment obtained in the Supreme Court against the late city of Williamsburgh, together with the interest that may accrue thereon at six per cent per annum, and which judgment and interest, when paid by the city of Brooklyn, shall be received by the said obligees in full for the sum aforesaid, the said Cassidy hereby guaranteeing that the said judgment shall be collected and paid, on or before the date aforesaid, viz.: the tenth day of September, 1860."

The bond bore even date with the mortgage. On the same day the bond and mortgage were given, Cassidy executed an assignment, bearing date on that day, to the obligees in the bond, who were the plaintiffs, which recited that he recovered a judgment against the city of Williamsburgh on the 5th day of August, 1857, in the Supreme Court, for $6,364.29; and it assigned $5,500 of the judgment to the plaintiffs, with interest thereon at six per cent; and then stated, as follows: "which sum, when collected, shall be applied by the obligees,

upon the aforesaid bond of Cassidy;" and in and by the assignment Cassidy covenanted that he would not collect or receive the $5,500, and interest, or any part thereof, nor release nor discharge the said judgment, but would " own and allow" all lawful proceedings therein; "the said parties of the second part saving the said parties of the first part harmless of and from any costs in the premises."

The defense was, that the $5,500, of said judgment and interest, had been paid and received in such a manner that the same should be allowed and credited to Cassidy on the bond and mortgage. If that sum and interest had been so applied on the bond and mortgage the same would have been satisfied.

The action was tried before a referee.

It appeared that after the recovery of the judgment, and prior to the 10th day of November, 1857, the city of Williamsburgh had been made a part of the city of Brooklyn; and that an action upon the judgment against the latter city was then pending, which had been brought by one Stevenson, as attorney, upon the retainer of Cassidy. The city of Brooklyn had notice of the assignment to the plaintiffs on the 16th day of November, 1857.

Stevenson recovered upon the judgment, against the city of Williamsburgh, another judgment against the city of Brooklyn; and he received the money due on the last mentioned judgment from the comptroller of the latter city, on the 18th day of June, 1859, "in the character of attorney of Cassidy." Stevenson testified that he had no authority from the plaintiffs to receive the money; and that he acted under the directions of Cassidy in collecting the judgment. He gave a satisfaction piece of the judgment as attorney for Cassidy. He paid $932.22 of the money to one Maurice, on the orders of Cassidy. Cassidy directed Stevenson not to pay any of the money to the plaintiffs, and demanded it of Stevenson, and threatened to sue him if he did not pay it to him.

Stevenson paid $3,000 of the money to the plaintiffs' agent, which was applied on the bond and mortgage. He

refused to pay any more of the money to the plaintiffs, on the ground that he had a prior claim to the same for services rendered for Cassidy, as his attorney and counsel on claims against the cities of Brooklyn and Williamsburgh under a special agreement. But the terms of such agreement were not proved.

Cassidy objected and excepted to the admission of the following evidence : 1. Parol evidence that $5,500 of the judgment was assigned *as collateral security* for the payment of a like portion of the money mentioned in the condition of the bond. 2. Evidence that Cassidy said, before the assignment was executed, that he did not expect the plaintiffs to relinquish any claim any faster than the money was paid. 3. That the plaintiff's agent told him the plaintiff would not accept any assignment of the judgment as payment but as collateral. 4. The evidence of what Cassidy said to Stevenson, hereinbefore mentioned. 5. That Cassidy directed Stevenson to pay $932.22 of the money to Maurice. 6. The evidence that in collecting the judgment Stevenson acted under the directions of Cassidy. This evidence was not contradicted.

Cassidy's counsel asked the referee to dismiss the complaint on the ground that there was no breach shown in the condition of the bond and mortgage ; which motion the referee denied, and Cassidy's counsel excepted.

The referee found there was due on the bond and mortgage the sum of $3,505.39. He refused to allow thereon any more than $3,000 of the money collected upon the judgment against the city of Brooklyn. He found that, although the assignment of $5,500 of the judgment against the city of Williamsburgh was absolute, it was intended by the parties only as collateral security for the payment of a like portion of the money secured by the mortgage. He also found the other facts hereinbefore stated.

Cassidy's counsel excepted to the findings of the referee.

A judgment for the sale of the mortgaged premises was entered upon the decision of the referee in conformity therewith ; which judgment was affirmed at a General Term of

the Supreme Court in the second district. After it was affirmed Cassidy died and his executors were substituted as defendants in the action, and they appealed from the judgment to this court.

The case was submitted upon printed briefs.

*D. P. Barnard,* for the appellants.

*W. P. Buffett,* for the respondents.

Balcom, J. The appellants' counsel contends that the referee erred in allowing the plaintiffs to prove by Stevenson that he acted under the directions of Cassidy, in collecting the judgment of the city of Brooklyn; and that the referee also erred in permitting Stevenson to testify that Cassidy directed him not to pay the money he received upon that judgment from the comptroller of said city, to the plaintiffs, and threatened to sue him if he should pay such money to them. His position is, that if Stevenson was the attorney of Cassidy, any directions the latter gave the former, and all conversations between them, touching the collection of the judgment and the disposition of the money received thereon, were covered by the seal of professional confidence.

The decisions of the referee in admitting this evidence were so palpably correct, that I need only say the facts testified to by Stevenson were not of the character which an attorney is prohibited from disclosing as a witness without the consent of his client. (1 Greenl. Ev., § 245.)

It is not necessary to determine whether the referee erred in receiving parol evidence of what was said between Cassidy and the plaintiffs' agent, before the assignment of $5,500 of the judgment against the city of Williamsburgh was made to the plaintiffs, to show that the assignment was taken by the plaintiffs as collateral security for a like portion of the money mentioned in the bond and mortgage; for the assignment and bond, themselves, clearly establish that fact. Those instruments show that the plaintiffs were not to apply the $5,500, and interest thereon, upon the bond and mortgage until the same should be collected or received by them, or some agent or attorney for them by their authority.

Opinion of the Court, per BALCOM, J.

The question is not whether the plaintiffs could have compelled the city of Brooklyn to pay the $5,500, and interest, again to them, after the comptroller had paid the same to Stevenson or whether they could have collected that money of Stevenson after he received it; but whether Cassidy, after Stevenson had collected the money, as his attorney and under his directions, of the city of Brooklyn, and by his directions had refused to pay $2,500 of the same, and the interest, over to the plaintiffs, could compel the plaintiffs to apply the portion not paid over to them, upon the bond and mortgage.

Cassidy covenanted in the assignment of the $5,500 and interest, that he would not collect or receive the same, or any part thereof, nor release nor discharge the judgment; yet Stevenson did all of these things and retained $2,500 of the money, besides interest, by his directions; and according to the bond as well as the assignment, the plaintiffs were not to apply any portion of the $5,500, and interest, upon the bond and mortgage until the same should be collected — which means collected by them or their agent or attorney — and not by Stevenson, whom they did not employ, and who never professed to act as their agent or attorney.

These facts clearly estopped Cassidy from claiming that Stevenson was the attorney of the plaintiffs in collecting or receiving any portion of the judgment; and also estopped him from insisting that Stevenson did not collect the whole judgment and retain $2,500 of it, besides interest, as his attorney.

The case therefore was correctly determined by the referee, and the judgment of the Supreme Court in conformity therewith should be affirmed with costs.

Judgment affirmed.

