FREDERICK. S. BRITTON, Assignee of George Schenck, Respondent, *v.* CHARLES LORENZ, THOMAS CROFTS and FRANCIS, HOFFBAUER, Appellants.

| 45 | 51 |
| 110 | 441 |
| 45 | 51 |
| 114 | 356 |
| 45 | 51 |
| 154 | 528 |
| 45 | 51 |
| 166 | 421 |

A bill of sale, though absolute upon its face, may be shown by parol evidence to have been given in trust for creditors.

The provisions of chap. 348, of Laws of 1860, apply to instruments which, though absolute upon their face, are in fact made in trust for creditors, and such instruments, when not properly acknowledged, as by that act required, are void.

All communications made by a client to his counsel with a view to professional advice or assistance, are privileged, whether such advice relates to a suit pending or contemplated, or to any other matter proper for such

advice or aid; but communications made in the presence of all the parties to the controversy are not privileged, and this exception includes a case where the communications were made by the plaintiff's assignor in trust for creditors, in the presence of the defendant, to the attorney employed to draw the papers between them.

(Argued February 17th; decided February 21st, 1871.)

APPEAL from a judgment of the General Term of the Court of Common Pleas, of the city of New York, affirming a judgment at the trial term for the plaintiff.

This case was tried by the court without a jury, and the following facts were found: That on and prior to the 3d day of April, 1865, George Schenck was engaged in business in the city of New York as a dealer in hosiery, woolen shirts, and goods of that general character. That on the day last aforesaid, Schenck was embarrassed in his financial matters, and unable to pay his debts or meet his obligations as they became due. That on that day the defendants herein were, and they still are copartners in trade, doing business in the city of New York, under the firm name and style of Lorenz, Crofts & Co.

That on the 3d day of April, 1865, with a full knowledge on his own part and on the part of the defendants of Schenck's pecuniary embarrassment and inability to meet his debts and obligations, Schenck made, executed and delivered to the defendants, under their firm name of Lorenz, Crofts & Co., a bill of sale of all his property, including a stock of goods and merchandise then in his store, No. 1 Park place, New York city, also his safe, store-fixtures, and all claims and demands he had against any person or persons whatever, and transferred to the defendants a lease of the premises aforesaid. That the value of the goods and other property which this bill of sale purported to embrace and transfer, was the sum of $16,350, which is exclusive of $1,021.59 debts due Schenck. That the value of the lease was $10,000 in cash. That on the same day Schenck delivered to the defendants, in addition to the property transferred by the alleged bill of sale, a check for the sum of $500, which

sum was thereafter collected thereon by the defendants. That the consideration expressed on the face of the alleged bill of sale was $10,000, but that such alleged consideration was nominal, and that there was no consideration whatever paid therefor, nor for the check. That the bill of sale was made and executed by Schenck, and check delivered and lease transferred to the defendants, in trust, to convert the goods and other property into money, and to collect the debts due Schenck, and out of the proceeds thereof first to pay the debts of Schenck which he owed for borrowed money, and second, to distribute the balance thereof *pro rata* among all the creditors of Schenck, and the defendants accepted this trust. That the bill of sale was not before the delivery thereof to the defendants, nor has it been at any time since, acknowledged in any manner before any officer or other person authorized to take the acknowledgment of deeds, nor was any certificate of such acknowledgment in any manner indorsed upon the assignment or bill of sale at any time. That under color of this assignment or bill of sale, the defendants herein took possession of the goods and other property covered thereby, and removed the same to their own store and have converted the same to their own use.

That the debts due Schenck, which the bill of sale purported to convey, amount to $1,021.59; that the defendants have refused in any manner to carry out the trusts upon which the bill of sale was given; that on the 8th day of April, 1865, Schenck, then being insolvent and unable to meet his obligations as they matured, and being indebted to various persons or firms, made out and executed an assignment in writing of all his estate, both real and personal, including all the property covered by the bill of sale, in trust, to Frederick S. Britton, the plaintiff in this action, for the benefit of his creditors, and the same day duly acknowledged the same before a notary public in and for the city and county of New York, and that a certificate of the acknowledgment was thereupon duly indorsed upon the assignment, and the assignment was thereafter and on 8th day

of April delivered to Britton; that the plaintiff thereupon undertook to execute the trusts under. such assignment, and took possession of so much assigned property as he could find.

That the plaintiff as such assignee, before the commencement of this action, demanded from the defendants the delivery of the property covered by the bill of sale aforesaid, and also all moneys collected thereon, from choses in action and all other sources covered by said bill of sale, and from the lease of the store aforesaid, and upon the check aforesaid; but they have refused to deliver the same, or any part thereof, to the plaintiff, and have converted the same to their own use.

Objections were taken by the defendants' counsel to the evidence of a Mr. Dickinson, who had acted as counsel in relation to the bill of sale when both parties to the action were present.

*Amasa J. Parker,* of counsel for appellant.

*Aaron J. Vanderpoel,* of counsel for respondents.

GROVER, J. The judge found that the bill of sale, etc., made by the plaintiff's assignor to the defendants, though absolute upon its face, was really made upon the trust that the defendants should convert the property into money, and from the proceeds pay all his debts for borrowed money in full, and to distribute the residue, *pro rata,* among all his other creditors. It was competent to show this trust by parol evidence. (*Day* v. *Roth,* 18 N. Y., 448; *Mulford* v. *Miller,* 1 Keyes, 31.) The bill of sale having been given upon these trusts, it comes within the provisions of chap. 348, Laws of 1860, 594. Section 1 of that act provides that every conveyance or assignment made by a debtor or debtors of his, etc., estates, real or personal, or both, in trust to an assignee or assignees for the creditors of such debtor or debtors, shall be in writing, and shall be duly acknowledged before an officer

authorized to take the acknowledgment of deeds, and the certificate of such acknowledgment shall be duly indorsed upon such conveyance or assignment upon the delivery thereof to the assignee or assignees therein named. Unless instruments of this character are executed in conformity with this section they are void. (*Hardmann* v. *Brown*, 39 N. Y., 196.) It was insisted by the counsel for the appellant that this section was only applicable to instruments which upon their face purported to have been made upon trust for the creditors of the party executing it. This is not the true construction of the section. All instruments made upon the trusts therein specified come within its language, and clearly within the intention of its framers. That intention was to prevent fraud by setting up fictitious transfers of property claimed to have been made for the benefit of creditors, and by such means prevents its application by the course of law to the payment of the debts of the owner. Such frauds may be practiced with equal success, where it is necessary to resort to intrinsic proof to show the trust for creditors, as when such trusts appear upon the face of the instrument. The bill of sale not having been executed, as required by section 1 (*supra*), was void, and no title was acquired by the defendants under it. It follows that such title remained in Schenck, the former owner, until his assignment to the plaintiffs and passed to them by virtue thereof.

It was assumed by the parties that the case was not triable by jury, and no request that it should be so tried was made by the defendants nor any ruling of the court thereon. That question cannot, therefore, be raised in this court.

An exception was taken to the finding by the judge that the value of the lease transferred to the defendants by Schenck was $10,000 in cash. This finding was not unsupported by the evidence, and after affirmance of the judgment by the General Term is conclusive upon this court. The defendants also excepted to the finding of the fact by the judge, that the defendants had converted the property to their own use, and also to the legal conclusion deduced therefrom, that having so

converted it they were liable to the plaintiff for the value thereof. These exceptions are general and applicable to the whole property, including the check and lease, as well as the property embraced in the bill of sale. It is somewhat difficult to see what precise question was designed to be raised by these exceptions. The evidence warranted a finding of the conversion of the goods embraced in the bill of sale and of the check, and this being the property of the plaintiff, the legal conclusion that the defendants were liable to him for the value thereof was correct. The lease created an interest in real estate for a term of years unexpired at the time of the assignment thereof to the defendant by the debtor Schenck. This assignment was rightly adjudged to be void, and that the defendant acquired no title to the premises by virtue thereof. This title became invested in the plaintiff under the assignment to him. The appropriate relief in respect to these premises would have been to have required the defendants to surrender up the possession of the premises to the plaintiff, and to pay such damages as he had sustained by the wrongful withholding of the premises from him, if it was still in the power of the defendants to surrender such possession. But it does not appear that it was in their power to yield up possession. There was no request by the defendants for any finding upon these facts, nor any request made to the judge to apply any such rule in respect to the premises covered by the lease. For aught that appears, they had put it out of their power to restore possession to the plaintiff. If this was the fact, they were equitably liable for the injury thereby sustained; and the value of the leasehold interest, of which the plaintiff had been deprived by the wrongful act of the defendants, was the appropriate measure of damages for the injury. The exception taken fails to show that any legal error was committed in respect to the leasehold interest, to the prejudice of the defendants.

The remaining inquiry is, whether the judge erred in receiving the testimony of Dickinson as to what was said by Schenck and the defendants, at the time he drew the bill of sale. Dick-

inson was an attorney and counsellor, and was employed to draw the bill of sale. It is insisted by the counsel for the appellant that all that was said by either having any relation to the business or the object or purpose of the bill of sale, are to be regarded as confidential communications from clients to counsel, and, therefore, inadmissible as evidence, without the consent of both parties. The competency of attorneys and counsel to testify as to communications made to them, and matters that they have learned in the course of their professional employment, has been extensively discussed by the courts of the State, and the cases involving that question thoroughly examined. (*Whiting* v. *Burney*, 30 N. Y., 330; *Coventry* v. *Tannahill*, 1 Hill, 33; *The Bank of Utica* v. *Mersereau*, 3 Barbour Ch., 533.) The rule deducible from the authorities is, that all communications made by a client to his counsel, for the purposes of professional advice or assistance, are privileged, whether such advice relates to a suit pending, one contemplated, or to any other matter proper for such advice or aid; that, where the communications are made in the presence of all the parties to the controversy, they are not privileged, but the evidence is competent between such parties. (*Whitney* v. *Barney, supra.*) Applying this principle to this case, the testimony of Dickinson was competent. The plaintiff sues as trustee for Schenck and his creditors. The question must be regarded as arising between him and the defendants. The conversation was had when both were present. They cannot be regarded as confidential or privileged as to either of these parties.

The judgment appealed from must be affirmed, with costs.

All the judges concurring,

Judgment affirmed.