JOHN FRANEY, RESPONDENT, *v.* HERMAN T. SMITH AND OTHERS, APPELLANTS.

*General assignment — set aside because a schedule, referred to therein, was not acknowledged or filed with it.*

In this action, brought to set aside an assignment for the benefit of creditors made by the defendants Smith, it appeared that when the assignment was executed a schedule, containing the names of preferred creditors referred to in such assignment, was not annexed to the assignment in any manner; that such schedule contained no certificate of acknowledgment by the assignors or assignee, and that it was not filed with the county clerk until three days after the filing of the assignment.

*Held,* that the assignment did not comply with the statutes relating to general assignments, and was properly set aside.

APPEAL from a judgment entered in Broome county upon a decision made at Special Term, setting aside an assignment for the benefit of creditors, and also an appeal from an order appointing a receiver.

*A. A. White,* for the appellants.

*Arthur More,* for the respondent.

HARDIN, P. J.:

When the assignment was executed the Schedule B of preferred creditors, referred to in the body of the assignment, was not annexed to or attached to the assignment in any manner. It was not sent to the clerk with the assignment when that instrument was mailed for record. It was retained by the attorney who drew the assignment. No formal execution of the schedule appears upon it. Its acknowledgment by the assignors and assignee is wanting, and, so far as the evidence discloses, part of the preferred creditors may have been added after the execution and delivery of the assignment.

An opportunity for fraud was furnished by keeping the Schedule B separated from the assignment. It should have been attached to and made a part of the assignment before that instrument was acknowledged and delivered by the assignors to the assignee. Section 2 of chapter 466 of Laws of 1877, declares that "every conveyance or assignment made by a debtor of his estate  *   *   * shall be in writing and shall be duly acknowledged." And the schedule B naming preferred creditors should have been completed and been annexed or attached prior to the acknowledgment and been embraced in the acknowledgment. It is just as essential that the portion of the assignment which directs to whom the money shall be paid by the assignee shall be covered by the acknowledgment as the granting clause of the conveyance or assignment.

The schedule may not be left open or detached when the acknowledgment is made, or the record made of the assignment. In this case the Schedule B was not filed with the clerk until three days after the assignment was made. Besides, Schedule B does not bear upon its face any indication that it was ever acknowledged. It is found as a fact "that soon after the execution, acknowledgment and delivery of the said assignment, the defendants, Heman T. and Alvin C. Smith, made, executed and delivered to the defendant James S. Minor, the paper marked as Schedule B."  *   *   *

It does unfortunately appear that the schedule was not acknowledged. There was a failure to comply with the letter and spirit of the statute. (*Kercheis* v. *Schloss,* 49 How., 285.) We repeat the

words of VAN VORST, J., found in the case just cited, viz., "assignments of this character should be made, executed and acknowledged in the manner and according to the forms prescribed by statute." It will not do to acknowledge a part of the instrument, and thereafter prepare another part and attach it at a subsequent day with no acknowledgment thereof. That would leave the door too wide open for the circumvention of the requirements of the statute which sanctions assignments if its requirements are complied with. (*Britton* v. *Lorenz*, 45 N. Y., 55; *Moir* v. *Brown*, 14 Barb., 39.) We think the judgment setting aside the assignment should be sustained. When the assignee accounts for the assets, to the receiver, the question will arise as to what expenses he has incurred, and as to any payments made by him in good faith, and whether the same should be allowed to him. We need not pass upon those questions at this time.

The judgment and order should be affirmed, with costs.

FOLLETT, J., concurred; MARTIN, J., not sitting.

Judgment affirmed with costs.