OSCAR SMITH, APPELLANT, *v.* DWIGHT L. CREGO AND RUSSELL CREGO, RESPONDENTS.

*Evidence — statements in the minutes of a court — a communication between attorney and client, when both parties to the action are present, is not confidential — admissions, contradiction of.*

In an action brought on a note made by Dwight L. Crego, indorsed by Russell Crego, in which the defense was that it was given under an agreement to compound a felony, it appeared that Dwight L. Crego had been in the employment of the Wheeler & Wilson Manufacturing Company, had been charged with embezzling money and had been arrested, and was still under arrest when the note was given.

Upon the trial the plaintiff offered in evidence the affidavit and warrant, with the minutes of the committing magistrate, to the admission of the following statement in which the defendant objected: "Prosecuting attorney stated that all money due the company had been refunded, and the prosecution paying expenses, the court admitted defendant to bail in five hundred dollars."

A request was made by the plaintiff to the court to charge that the plaintiff was not to be prejudiced, or the jury to infer that there was such agreement or understanding, from the statement in the justice's minutes, that the prosecuting attorney stated, etc. The court charged the jury: "You are to take into account all that was received before you and give it such weight as in your judgment it is entitled to," to which the defendant excepted.

*Held,* that the plaintiff was entitled to have the jury instructed as he had requested.

The defendant, in support of his defense, testified that he and one Storah, an agent of the company, went to the office of an attorney, who, as the defendant testified, was the plaintiff's lawyer. The plaintiff then called the attorney, who testified that he was present when the note was executed, and that the plaintiff and Storah and the defendant Russell were present at his office before the execution of the note, and upon his being asked by the plaintiff to state the conversation which then took place, an objection was taken by the defendant under section 835 of the Code of Civil Procedure, which was sustained.

*Held*, that as the attorney was the plaintiff's attorney, and the plaintiff could, and did, waive the privilege by calling him to testify, the court erred in excluding his answer.

That as both parties to the agreement were present at the conversation and as, under the common-law rule as to privilege, communications to an attorney were not confidential when both parties were present, and as section 836 of the Code of Civil Procedure, though it does not use the word " confidential," is intended to be only a statement of the common law, the attorney should have been allowed to testify to the conversation inquired about.

About four months after the execution of the note a letter was written by the plaintiff to the defendant containing these words : "I went to Schenectady yesterday morning and arranged, through the district attorney, to drop Dwight's case." The plaintiff having testified that he did not arrange with the district attorney to drop the case that was then pending, he was asked: "Explain what the language (above quoted) refers to." Under objection by the defendant this evidence was excluded, and the justice in his charge, commenting on this letter, said that the law prevented the plaintiff from stating what he intended by the letter; that the law presumed that he intended what the letter imprinted on its face.

*Held*, that this letter was not a contract, but a mere admission, not any more binding because it was in writing, and that the plaintiff might disprove the truth of the statement and show to what his words referred.

APPEAL from a judgment rendered at the Albany Circuit, after a verdict in the defendant's favor, against the plaintiff, which judgment was entered in the office of the clerk of Albany county on the 24th day of October, 1888, and also from an order of the court which was entered in the said clerk's office on the 24th day of October, 1888, which denied a motion of the plaintiff for a new trial, made upon the minutes of the justice presiding at the trial, upon exceptions and on the ground that the verdict was contrary to the evidence and to the law of the case.

*Mark Cohn*, for the appellant.

*Norton Chase*, for the respondents.

LEARNED, P. J. :

This action is on a note made by Dwight L. Crego and indorsed by Russell Crego. The defense is that it was given on an agreement to compound a felony. Dwight L. had been in the employ of the Wheeler & Wilson Manufacturing Company, and had been charged with embezzling money. He had been arrested and was still under

arrest when the note was given. On the defense above stated the testimony of the plaintiff and that of the defendant are in conflict. The plaintiff offered in evidence the minutes of the magistrate with the affidavit and warrant. The defendant objected to a part of the minutes as follows: "Prosecuting attorney stated that all money due the company had been refunded, and the prosecution paying expenses the court admitted defendant to bail in $500." At the close of the case the plaintiff requested the court to charge that the plaintiff is not to be prejudiced, or the jury to infer that there was such agreement or understanding, from the statement in the minutes of the justice that the prosecuting attorney stated, etc. The court in reply said to the jury: "You are to take into account all that was received before you and give it such weight as, in your judgment, it is entitled to." The defendant excepted. Now, the minutes of the justice were admissible, and, therefore, this statement was before the jury. But it was merely the statement of the magistrate of what was said by the prosecuting attorney. It was no evidence against the plaintiff of any agreement or understanding as to compounding the felony. Yet the jury might, under this instruction, have understood that this statement of the magistrate had some weight in supporting the defense. We think that the plaintiff was entitled to have the jury instructed as he requested. The defendant says that the statement was harmless because the money was refunded in fact. But the manner in which this statement is made in the minutes seems to indicate that it was inserted as a reason for putting the bail at a small amount, and thus to afford some evidence that there was an agreement to compound the felony.

The defendant, in support of his defense, testified that he and one Storah, an agent of the company, went to the law office and papers were drawn up; that law office was the office of Mr. Thompson, who, as the defendant testifies, was plaintiff's lawyer. The plaintiff then called Mr. Thompson, who testified that he was present when the note was executed, and that plaintiff and Storah and defendant Russell were present at his office before the execution of the note. He was then asked by the plaintiff to state the conversation which then took place. This was objected to under section 835 of the Code, and was excluded; to which the plaintiff excepted. Now, Thompson was not attorney for Russell Crego or for Dwight L.

Crego. He was plaintiff's attorney, or, as is said in one place, the company's attorney, which was practically the same thing.

As he was Smith's attorney, Smith could waive the privilege. (Sec. 836.) And he did waive it by calling on Thompson to testify to the conversation. (*In re Coleman,* 111 N. Y., 220.) Furthermore, both parties to the agreement were present at the conversation, and, under the common-law rule as to privileges, communications to an attorney were not confidential when both parties were present. ( *Whiting* v. *Barney,* 30 N. Y., 330; *Britton* v. *Lorenz,* 45 id., 51.) Section 836, though it does not use the word confidential, is intended to be only a statement of the common-law rule. (See note to the section.) So far, then, as appears in the case, it seems to us that Thompson should have been allowed to testify to the conversation inquired about.

About four months after the execution of the note a letter was written by plaintiff to defendant containing the words : " I went to Schenectady yesterday morning and arranged, through the district attorney, to drop Dwight's case." The plaintiff testified that he did not arrange with the district attorney to drop the case that was then pending. He was then asked : " Explain what the language (above quoted) refers to." This was objected to and excluded. The plaintiff excepted, and the learned justice in his charge, commenting on this letter, said that the law prevented the plaintiff from stating what he intended by the letter; that the law presumed that he intended what the letter imprints on its face. Now, this rule would be quite correct if applied to a written contract, or to a writing on which another party had relied in his action. But this letter was a mere admission, not any more binding because it was in writing. Whatever contract the parties entered into had been made long before, and this letter was only a statement of what plaintiff had subsequently done. He might disprove the truth of the statement ; he might, if the fact were so, show to what his words referred. Suppose (merely to illustrate) that "Dwight" referred to some person other than Dwight L. Crego, the plaintiff could have shown this. We think, then, that the witness should have been allowed to answer the question.

It is plain, in this case, that the note was given principally to settle a large part of the moneys which Dwight L. Crego owed the

company. It was right that he should pay or secure these moneys and it was proper that his father should assist him in restoring to the company what he had taken from it. And the father might rightfully do this in the hope that the burden which would thus fall on an innocent man would be a sufficient punishment for the crime. (*Hatch* v. *Collins*, 34 Hun, 314.) Of course, an actual agreement to compound must not be made, but full compensation to the wronged party is a duty and is not illegal. In the conflict of evidence in this case, where the plaintiff fully denies the alleged agreement, the exclusion of any proper evidence bearing on the merits is especially material, and may have operated to defeat the plaintiff's claim.

We are, therefore, of opinion that the judgment should be reversed and a new trial granted, costs to abide the event.

LANDON, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.