McCLURE *v.* GOODENOUGH *et al.*

(*Superior Court of New York City, Special Term.*    October 7, 1890.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—PROOF OF FRAUD.
    Mere suspicion of fraudulent intent is not enough to sustain an action to set aside an assignment for benefit of creditors. The fraudulent intent must be proved by competent evidence.
2. WITNESS—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.
    Where an attorney who is examined as a witness states under oath that certain questions propounded to him involve communications made to him by his client in the course of his professional employment, (Code Civil Proc. N. Y. § 835,) he will be excused from answering such questions.

Plaintiff, as a judgment creditor of Goodenough & Woglom, brought an action against the individuals composing the firm of Goodenough & Woglom, and William A. Jones, Jr., their assignee for the benefit of creditors, to set aside the assignment on the ground that it was in fraud of the assignors' creditors. The complaint was dismissed on the trial at the close of plaintiff's case, and plaintiff moved for a new trial, specifying as error the exclusion of certain testimony, and that the evidence showed legal, if not moral, fraud.

*Denis A. Spellissy,* (*George Endres,* of counsel,) for plaintiff. *Alden S. Crane* and *H. Huffman Browne,* (*William Clarke Roe* and *H. Huffman Browne,* of counsel,) for defendants.

O'GORMAN, J. This is a motion on behalf of the plaintiff for a new trial on the ground of certain substantial errors alleged to have been committed by the trial judge at the trial. The action was brought to set aside an assignment made by the defendants, purporting to have been for the benefit of their creditors, but in fact with intent to hinder, delay, and defraud them. The learned counsel for the plaintiff in his brief submitted on this motion thus condenses his objections: "This motion is made because we believe (1) that there is a positive and material error in excluding proof as to certain transactions between the assignors and their attorneys, and conversations in regard to them; and (2) that the evidence considered as a whole showed legal, if not moral, fraud in connection with the assignment." I am not of the opinion that the evidence in this case discloses, as matter of fact, either directly or by necessary inference, that the defendants, in making their assignment, intended to hinder, delay, or defraud their creditors. In a case of this kind, mere suspicion of fraudulent intent is not enough to sustain the action. The fraudulent intent must be proved as a matter of fact by competent evidence. *Grover* v. *Wakeman,* 11 Wend. 188; *Shultz* v. *Hoagland,* 85 N. Y. 464; *Coleman* v. *Burr,* 93 N. Y. 31.

The plaintiff further contends that the trial judge erred in sustaining the refusal of the witness Browne, who claimed that, having been the attorney for the defendant at the time of and after making the assignment, he was not

allowed to disclose any communications made by his client to him in the course of his professional employment. Code Civil Proc. § 835. There has been much discussion as to the nature and extent of the "privilege" vested in the attorney under the provisions of law, and as to the nature and extent of his duties thereunder. The language of the Code is "prohibitory," although, from the nature of the case, the attorney himself must sometimes decide whether the inquiry made of him is prohibited. The purpose of the provision of law is, no doubt, to secure to litigants ample protection against any breach of the proper confidence which it is necessary that they should repose in their legal advisers. It may therefore be argued that the word "confidence," as used in the Code, properly was intended to apply to any facts, the knowledge of which was acquired by the attorney in the course of his dealings as attorney with his client, whether the knowledge of such facts was acquired by word or writing, or in any other manner. It would also seem to include actions by the attorney taken in the interest of the client, and by his instruction, always provided that such action was in no way criminal. In this view, the absolute prohibition contained in section 835 of the Code would harmonize with the claim of the attorney at "common law" to the right of refusal to disclose any transaction between him and his client, or any other transaction had by him for the interest of, and at the instance of, his client. The origin of this "privilege" in attorneys was the public good and the public necessity, and without it the perfect reliance on the attorney by the client, necessary to the proper administration of justice, could not exist. This question has been decided in numerous judicial decisions, among which I find the following: *Whiting* v. *Barney*, 30 N. Y. 330; *Britton* v. *Lorenz*, 45 N. Y. 51; *Root* v. *Wright*, 84 N. Y. 74. In the case at bar, the refusal of the witness to testify to confidential transactions between him and his client, or in his client's interest, was based upon his opinion, given under oath, that the transactions were such as he was privileged from revealing. After a careful examination of the rulings of the trial judge, I have come to the conclusion that no substantial error to the damage of the plaintiff has been committed, and that the motion for a new trial should be denied, with costs.