denied, without costs. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ.

MARJORIE F. REINBERG, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.— Motion to resettle order granted in part, and order signed. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ.

ROCKAWAY POINT COMPANY, INC., Respondent, v. NILS FRIBERG, Appellant. — Motion to dismiss appeals denied, without costs. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ.

LAWRENCE W. SCUDDER, Respondent, v. BERNARD J. REIS, Appellant.— Motion for stay denied. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ.

JOHN C. WHITING, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.— Motion for reargument or for leave to appeal to the Court of Appeals denied, without costs. Present — Blackmar, P. J., Rich, Jaycox, Manning and Young, JJ.

AGELOFF REALTY CO., INC., as Assignee of HYMAN DUPKIN, Respondent, v. MAX WILENSKY, Appellant.— Order of the Appellate Term unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ.

BAYCOURT ESTATES COMPANY and HERBERT E. WILLIAMS, Respondents, v. FRANK DICKERSON, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

THEODORE CLARK and FLORENCE A. CLARK, Appellants, v. SURRETTA BAILEY and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Jaycox, Manning and Kelby, JJ.

GRACE DOYLE, Respondent, v. HENRY DOYLE, Appellant.— Order affirmed, with ten dollars costs and disbursements. The action could have been tried and disposed of upon the merits in half the time occupied by the appeal. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur.

EASTERN WOODWORKING COMPANY, Respondent, v. STIER-BAUER, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ.

WILLIAM C. EDGETT, Respondent, v. ROBERT E. JENNINGS, Appellant.— The complaint is on an express contract, and not to recover for services on a *quantum meruit*. The amount paid by the defendant for the Cowles Camp purchased by defendant is, therefore, irrelevant to the issue. In so far as the order directs an examination of the defendant as to this amount paid, it must be reversed. The other two subjects of examination were proper. (*Richards* v. *Whiting*, 127 App. Div. 208.) Order modified by striking out the subject of examination designated in said order by paragraph 3, and as modified affirmed, without costs. Blackmar, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

THEODORE GRIFFIN, Respondent, v. SWINBURNE HALE, Appellant.— Judgment modified so as to direct the payment of interest upon the unpaid purchase money from November 8, 1920, and as so modified unanimously affirmed, without costs. No opinion. Present — Blackmar, P. J., Rich, Jaycox, Manning and Kelby, JJ.

SAM KAUFMAN, Appellant, v. WILLIAM H. WADE, Respondent.— In view of the uncontradicted evidence of loss of rental between the date of expiration of the original lease and the date of the trial, the verdict for the defendant was