DAVID THOMAS, Plaintiff, v. MAUD ROBBERT, Defendant.

Supreme Court, Kings Special Term, April 16, 1924.

Vendor and purchaser — action for specific performance of oral agreement to convey land — agreement not invalid under Real Property Law, § 94 — allegations as to partial performance sufficient under Real Property Law, § 270 — complaint states cause of action — motion to cancel lis pendens denied.

A complaint states a cause of action for the specific performance of an oral agreement to convey a parcel of land which alleges that the respective interests of the plaintiff and defendant in the parcel were to be one-half each; that they both should pay the consideration and that the title was to be taken in the name of the defendant, with the understanding that there should be a conveyance to the plaintiff of a one-half interest therein at such time as he should so request, together with the profits arising thereunder; that the plaintiff and defendant together paid the purchase price; that thereupon the plaintiff and defendant entered into possession of said premises and made improvements thereon; that defendant has received and retained the increased income and profits thereof; and which further alleges due performance by the plaintiff, due demand made by him that the defendant perform and her refusal so to do.

The oral agreement in question is not invalid under section 94 of the Real Property Law.

The allegations as to partial performance are sufficient under section 270 of the Real Property Law.

A motion by the defendant to cancel a lis pendens filed by the plaintiff should be denied since the complaint states a cause of action.

MOTION to cancel a lis pendens filed by the plaintiff.

George F. Alexander, for the plaintiff.

Corner, Bell, Russell & McNulty, for the defendant.

CARSWELL, J. This is a motion by the defendant to cancel a lis pendens filed by the plaintiff. The ground of the motion is that the complaint herein states alleged causes of action which are insufficient in law to sustain such a lis pendens. The defendant cites section 94 of the Real Property Law. That section provides, among other things, that the taking of title to real property in the name of one person, the consideration for which is paid by another, does not result in a trust in favor of the other, unless the taking of the title in the name of the other was without the knowledge of the person paying the consideration, or the taking of such grant was in violation of some trust. The complaint sets out several causes of action, each a counterpart of the other. We need consider but one. It is alleged that the plaintiff and defendant made an agreement (conceded to be oral) to purchase a parcel of real property; that the respective interests of the plaintiff and

defendant in the parcel were to be one-half each; that they both should pay the consideration and that the title was to be taken in the name of the defendant, with the understanding that there should be a conveyance to the plaintiff (or such person as he might designate) of one-half interest therein, at such time as he should so request, together with the profits arising thereunder. It is further alleged that " *the plaintiff and defendant together paid the purchase price* " and " *that thereupon the plaintiff* and defendant *entered into possession of said premises and made improvements therein,* and defendant has received and retained the increased income and profits thereof." Due performance by the plaintiff, due demand made by him that the defendant perform, and her refusal to do so, are also alleged. The defendant claims that this agreement, concededly oral, is invalid under section 94 of the Real Property Law. He assumes that *Fairchild* v. *Fairchild,* 64 N. Y. 471, does not apply, because in that case the real estate was purchased with the funds of a previously existing partnership, and the only partnership here is the one with reference to the cause or causes of action sued upon. I think his view of the effect of that decision on the present complaint is correct. The defendant, however, asserts that the case of *Weingarten* v. *Minskoff,* 204 App. Div. 750, requires a denial of this motion. That case, however, is not in point. There the title was caused to be taken in the name of a corporation, in violation of the agreement of joint venture made by the plaintiff and the defendants therein. That taking of title in violation of the agreement brings the situation within the exception contained in section 94 of the Real Property Law. In the instant case the title was taken in the name of the defendant, not in violation of the agreement, but in pursuance of it, and, therefore, the situation is not within the exception in section 94 of the Real Property Law. There is a view, however, that must be considered. Plaintiff is not seeking to invoke a resulting trust. He seeks to enforce an alleged express trust or rather equities arising out of the agreement of the parties. *Smith* v. *Balcom,* 24 App. Div. 437, 441. It not being in writing or being violative of section 94 of the Real Property Law, it may not be enforced unless substantial partial performance is alleged. Section 94 of the Real Property Law must be read in connection with section 270 of the Real Property Law. *Quinn* v. *Quinn,* 69 App. Div. 598. The allegations of the complaint italicised above indicate that the plaintiff is relying upon partial performance in several particulars, *i. e.,* (1) payment; (2) entering into possession; (3) making improvements upon the parcels involved. In *McKinley* v. *Hessen,* 202 N. Y. 24, 31, 32, it was held that an oral agreement

involving real property would be enforced where there was partial performance, and the acts which were held to constitute partial performance were the making of payments for the land, its carrying charges, and for repairs and improvements.   In *Burns* v. *McCormick*, 233 N. Y. 230, 232, it is stated with approval: " On the other hand, the buyer who not only pays the price, but *possesses* and *improves* his acre, may have relief in equity without producing a conveyance."

Applying this rule, that partial performance takes a case out of the statute, to the complaint herein, there is a cause of action stated in each count, which is enforcible in equity with respect to each parcel concerned, since the partial performance alleged in the complaint meets the standard of the cases.   It may be that upon the trial the evidence may not sustain the allegations of the complaint, but on this motion the allegations of the complaint must be taken as true.   Therefore, the motion must be denied.

Ordered accordingly.