WALTER A. BEHRENS, a Stockholder of W. R. OSTRANDER & COMPANY, on Behalf of Himself and Other Stockholders and on Behalf of Said W. R. OSTRANDER & COMPANY, Plaintiff, v. MARVIN W. CLARK and Others, Defendants.

Supreme Court, New York County, March 28, 1928.

Corporations — stockholders' action — complaint alleges assignment of corporate property to trustee while corporation was insolvent — claim is made that assignment was never authorized at stockholders' meeting and provides for illegal preferences by insolvent corporation — transfer violated Stock Corporation Law, § 15 — Stock Corporation Law, § 20, has no application — stockholders' meeting was unnecessary — failure of directors to comply with Debtor and Creditor Law, § 3, respecting execution and filing of assignment fatal — complaint sufficient.

In this stockholder's action against defendant corporation the complaint, after setting out that an assignment of the corporate property was made to a trustee while the corporation was insolvent, alleges that the agreement was never authorized or approved at any stockholders' meeting, that it provides for an illegal preference by an insolvent corporation, and that the assignment was not executed or filed pursuant to section 3 of the Debtor and Creditor Law.

Since unlawful preferences among creditors were created under the assignment of the assets of the corporation which was made while the corporation was insolvent, the assignment violated the provisions of section 15 of the Stock Corporation Law and the transfer injured both stockholders and creditors alike.

The transfer not being a sale, but an assignment, section 20 of the Stock Corporation Law does not apply and, therefore, no stockholders' meeting was necessary.

Assuming that the corporation was insolvent in the sense that its liabilities exceeded its assets, the transfer agreement is, in effect, a general assignment for the benefit of creditors, and must be condemned, since it violates the provisions of section 3 of the Debtor and Creditor Law in that the agreement was not executed or filed in accordance with the provisions of that law.

Under the circumstances, the motion to dismiss the complaint is denied.

MOTION under rule 106 of the Rules of Civil Practice to dismiss complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Holm, Whitlock & Scarff [Clifford H. Owen and Roman Beck of counsel], for the plaintiff.

Gregory, Stewart & Montgomery [W. Randolph Montgomery of counsel], for the defendants with the exception of George V. Sheffield.

FRANKENTHALER, J. The action is a stockholder's suit against the defendant corporation, its directors and one Clark, to whom the corporate property was transferred under an agreement between the corporation, Clark, as trustee, and such creditors who may have wished to join in the arrangement, whereby Clark was to sell

the corporation's assets and pay off its creditors as follows: " 1. The trustee shall first pay in full the claim of all creditors whose claims amount to $100 or less," and after expenses and the claims of all other creditors are paid in full any balance then remaining shall be repaid by the trustee to the corporation. Plaintiff prays that the assignment be set aside, that a receiver of the assets of the corporation be appointed, that Clark be directed to account to the receiver, that the directors be removed as officers and be adjudged personally liable for any loss or damage sustained by reason of their acts, that defendants, excepting the corporation, be adjudged personally liable to plaintiff for the expenses of the action and that they be enjoined from further interference with the property and assets of the corporation. Plaintiff alleges as a first ground for relief that the assignment to Clark was made while the corporation was insolvent, and that it amounted to a breach of trust on the part of the directors rendering the plaintiff's capital stock valueless. For a second ground plaintiff alleges that the agreement was never authorized or approved at any meeting of the stockholders. For a third ground that the agreement provides for illegal preferences by an involvent corporation. And, fourthly and finally, that it was not executed or filed in accordance with the Debtor and Creditor Law. Defendants claim that plaintiff or the corporation could not have been damaged by the assignment since it is alleged that the corporation was insolvent at the time of the transfer. The word " insolvent " as used in section 15 of the Stock Corporation Law means the general inability of the debtor to pay its debts as they become due in the regular course of business. (*Davis* v. *Seneca Falls Mfg. Co., Inc.,* 8 F. [2d] 546; mod. and affd., 17 id. 546, 549; *Abrams* v. *Manhattan Consumers Brewing Co.,* 142 App. Div. 392; *Joseph* v. *Raff,* 82 id. 47; affd., 176 N. Y. 611.) The allegation of insolvency, therefore, by no means precludes the possibility of damage to plaintiff. The corporation, though " insolvent," might well have frozen assets which would prove sufficient to pay off its debts and leave a balance at a future time. On the face of the complaint herein, and assuming as one must for the purpose of this motion that the allegations therein, liberally construed, are true, unlawful preferences among creditors were created under the assignment of the corporation's assets to Clark which was made while the corporation was insolvent. The statute (Stock Corp. Law, § 15) condemns such a transfer. Defendants state in their brief that all the creditors consented to the agreement which apparently creates preferences among them. However, this motion must be decided solely upon the allegations in the complaint which sets forth and alleges unlawful preferences. (*Velsor* v. *Freeman,* 118 Misc. 276;

*Bay Court Estates Co.* v. *Dickerson*, 194 N. Y. Supp. 190; affd., 202 App. Div. 731.) The transfer is, therefore, unlawful under section 15, both as to creditors and stockholders injured thereby. Section 20 of the Stock Corporation Law does not apply, since the transfer is not a sale but an assignment. (See *Young* v. *Stone*, 61 App. Div. 364, 369; affd., 174 N. Y. 517.) Accordingly, no stockholders' meeting was necessary. Plaintiff alleges as his final ground for relief that the assignment was not executed or filed in accordance with section 3 of the Debtor and Creditor Law (as amd. by Laws of 1914, chap. 360). Assuming that the corporation was insolvent in the sense that its liabilities exceeded its assets, the transfer agreement is in effect a general assignment for the benefit of creditors. Further, considered solely on the allegations of the complaint, it creates unlawful preferences, and, therefore, is diametrically opposed to the reasons underlying the Debtor and Creditor Law and must likewise be condemned on this ground. Every general assignment for the benefit of creditors as well as every assignment " in trust " for creditors must be executed in accordance with the requirements of the Debtor and Creditor Law. If these are not complied with the assignment is absolutely void. (*Young* v. *Stone, supra; Britton* v. *Lorenz*, 45 N. Y. 51, 54.) The directors have failed to comply with the Debtor and Creditor Law if they intended to proceed under that law, and on the allegations of the complaint their actions fall within the ban of that law. For the foregoing reasons it follows that the motion to dismiss the complaint is denied. Order signed.