MEYER NOVITSKY, Plaintiff, *v.* JACOB RUDA and Others, Defendants.

Supreme Court, Queens County, September 16, 1930.

*Lionel Golub*, for the plaintiff.

*David Kassel*, for the moving defendant.

DUNNE, J. There is no point to the argument of the opposing attorney that the court has no power to cancel a notice of pendency

before the expiration of the sixty-day period for making service of the summons. Here the motion to cancel the *lis pendens* is made not with reference to time, but with reference to the basic question as to whether or not the *lis pendens* was properly filed in so far as it pertains to the subject-matter as contemplated by section 120 of the Civil Practice Act. It was never intended that the court would be precluded from affording relief by way of cancellation until the sixty-day period had elapsed. For otherwise a plaintiff, whatever might be his real or fancied grievance, might hinder and delay the disposition of real estate for at least such period of time, during which the court would be compelled to sit idly by, powerless to aid. Such result, as a consequence, would often entail injustice.

The question, then, with which the court concerns itself, is whether the action itself is such as falls within the provisions of section 120 of the Civil Practice Act. The prayer for relief in the complaint seeks to have it adjudged that defendant Gitlin holds title to certain premises in trust for defendant Ruda, against whom a claim for $4,050 is alleged. It has been held that where one seeks to have land impressed with a trust, such action is one affecting title to or the possession, use or enjoyment of real property, and, therefore, properly within the section. ( *Keating* v. *Hammerstein*, 196 App. Div. 18.) Nor can the allegations contained in the affidavit of the party now seeking the cancellation of the notice be of aid upon the application, since the allegations of the complaint must be taken as true, and since affidavits may not be considered. ( *Thomas* v. *Robbert*, 123 Misc. 76; *Baycourt Estates* v. *Dickerson*, [Sup.] 194 N. Y. Supp. 190; affd., 202 App. Div. 731.)

However, since the fair and reasonable construction of the complaint is that plaintiff is seeking to establish and impress an equitable claim upon real estate to insure the payment of a sum certain, the court's discretion will be exercised in canceling the lien upon the filing by defendants of a sufficient bond in the sum of $4,500; otherwise denied. Settle order on notice.