Matter of Assignment: LOUIS BERNSTEIN and Another *v.* EDWARD RAFF and Another.

Supreme Court, Bronx County, June 5, 1931.

*Joseph H. Reitman*, for the petitioner Lena Rakov.

*Goldman & Goldman*, for the trustees.

HAMMER, J.   Lena Rakov was the owner and lessor of premises demised under written lease to Louis Bernstein and Frank Stein who have executed an instrument purporting to transfer and assign their assets to Edward Raff and Martin M. Goldman, as trustees, for the benefit of their creditors.   The premises are No. 812–812½ East Tremont avenue, borough of The Bronx, city of New York.   The lease entered into on February 21, 1929, was for a period of ten years commencing May 1, 1929.   The yearly rental reserved was payable in equal monthly installments in advance on the first day of each and every month during the term of the lease.

On the 1st day of December, 1930, and the 1st days of January, February and March, 1931, installments each of $400 became due, the total sum being $1,600.   Various promises of payment were made up to February 3, 1931, when summary proceedings to dispossess the tenant for non-payment were brought, returnable in the Municipal Court on February 10, 1931.   An answer was interposed on behalf of the tenants and on February 18, 1931, a final order of dispossess was granted awarding possession to the landlord, execution of the warranty being stayed until February 28, 1931.   The tenants and all persons in possession vacated the premises on March 2, 1931.

This motion, made by order to show cause, is to require Edward Raff and Martin M. Goldman, the trustees or assignees, to file in the office of the clerk of the county of Bronx the original assignment and a surety company bond pursuant to sections 5 and 6 of the Debtor and Creditor Law (as amd. by Laws of 1914, chap. 360).

The assignees, by attorney, have appeared in opposition and have filed an affidavit attached to which is a copy of the instrument in question.   The instrument is dated February 3, 1931, up to which date it is admitted that the premises were occupied by Bernstein and Stein.   The claim is made that the instrument is a voluntary trust and not a statutory assignment.   The trustees " are authorized to liquidate the assets, either at public or private sale or in such other manner, as they in the exercise of their best judgment deem fit, necessary or proper and upon such liquidation, after paying the expenses of administration and the trustees' fees, the balance shall be ratably distributed among the creditors, upon their execution of general releases."   No distribution " is to be made until all of the releases have been received."   It is further

claimed that " under the Debtor and Creditor Law a statutory assignment contains no element of discretion; " that " it is an absolute requirement of the Debtor and Creditor Law that the instrument be acknowledged; " that " the co-trustees have refused to recognize the claim of alleged creditor herein " and " this proceeding is merely brought by the attorney to apparently interfere with the further administration of the deed of trust."

The power to make an assignment for the benefit of creditors existed at common law. (*Matter of Sheldon*, 173 N. Y. 287.)

There is no practical difference, however, in legal effect between a deed of trust or an assignment whether the same is given or executed at common law or under the statute. The persons to whom the property of the debtors is assigned, transferred or conveyed are sometimes called trustees and at other times assignees. The grantor is divested of the legal and equitable estate which is vested in the assignee subject to the uses and trusts in favor of the creditors. The trustee is required to sell the property and apply the proceeds to the payment of the debts of the assignor and to refund the surplus if any. The form of the assignment, whether under common law or as prescribed by State statute is not so material as the result. The vital element is that the transaction must operate to divest the debtor of substantially his entire property and close out his business. (*People* v. *Mercantile Credit Guarantee Co.*, 166 N. Y. 416, revg. 55 App. Div. 594.)

The validity of the instrument, a copy of which is attached to the motion papers, is at least questionable. It was not executed in accordance with the provisions of the Debtor and Creditor Law. It was not acknowledged before delivery. It clothes the assignee with discretion coming directly from the assignor. It may by implication authorize the assignee to sell on credit. It requires the creditors to release the debtor. In *Dearing* v. *McKinnon Dash & H. Co.* (33 App. Div. 31, 39; affd., 165 N. Y. 78) it was said that " Such a delegation of power is in direct violation of the spirit, if not the letter, of the statute, because it is well calculated to cause the very delay which the statute inhibits."

Under section 3 of the Debtor and Creditor Law (as amd. by Laws of 1914, chap. 360) and the decisions, an instrument of assignment for the benefit of creditors, which is not acknowledged prior to delivery, is invalid. (*Hardmann* v. *Bowen*, 39 N. Y. 196; *Rogers* v. *Pell*, 154 id. 518.)

The delegation of such authority in my opinion renders the assignment subject to attack for illegality and invalidity under common law as well as the statute.

In the instrument in question the authority and discretion, it

appears, come from the assignor, and are not incidental to and the result of the duty which the trustees or assignees have to perform. Any valid discretion which an assignee may have must come from the law and not from the instrument.

In *Jessup* v. *Hulse* (21 N. Y. 168, 170) the court stated: " If the clause in question purported in terms to invest the assignee with any discretion, as coming directly from the assignor himself, it would be fatal to the assignment; as if it had authorized the assignee to dispose of the property at such time and in such manner as *in his judgment* would be most conducive to the interests of the creditors, or as he should deem expedient and best calculated to promote their interests. The difference between a discretion conferred by an assignor, as a power accompanying the transfer of the title, and that discretion which results *ex necessitate* from the duty which the assignee has to perform, is obvious. The assignor, being the absolute owner of the property, and in no manner obliged to assign, may annex such conditions and qualifications to the transfer as he pleases. If he annex an improper condition, the court must pronounce the assignment itself void. It cannot hold the transfer good, and disregard the condition; because that would be to take the property from the assignor against his will. * * * An assignment authorizing the assignees to convert the property into money ' within such convenient time as *to them* should seem meet ' was held void upon its face in the case of *Woodburn* v. *Mosher* (9 Barb. 255)."

If the instrument is an assignment or deed of trust under the common law, or is void thereunder or within the provisions of the statute, the moving party would have no right and the court no jurisdiction upon this motion to require the filing of same. I am not deciding, but merely indicating, that under the authorities the validity of the instrument as a common-law assignment or deed of trust is questionable. The instrument is clearly void as a statutory assignment in that it does not comply with the provisions of the Debtor and Creditor Law. The failure to comply violated essential and not merely discretionary provisions. (*Matter of Berman*, 173 App. Div. 689.) In addition to the authorities cited, see *Townsend* v. *Stearns* (32 N. Y. 209); *Benedict* v. *Huntington* (Id. 219); *Behrens* v. *Clark* (131 Misc. 712.)

The instrument being void as a statutory assignment, it follows that this motion by the landlord creditor is not the appropriate remedy and is accordingly denied.