FREDERICK H. HURDMAN and Others, Plaintiffs, *v.* ORIE R. KELLY and Others, as Trustees, etc., Estate 71-C, Defendants.*

Supreme Court, Westchester County, March 19, 1938.

*Affd., 254 App. Div. 368.

*Lynch & Cahn*, for the plaintiffs.

*James T. Heenehan* and *Bleakley, Platt & Walker*, for the defendants.

WITSCHIEF, J. The defendants are the original Westchester trustees, and successor trustees, holding upwards of 450 series of guaranteed mortgages, or the real estate at one time covered by guaranteed mortgages. The original Westchester trustees employed the plaintiffs to perform certain auditing services in connection with the trust estates. The plaintiffs have been paid a substantial part of their claim for the services rendered, but assert a balance due of about $83,000, to recover which they have brought this action, claiming an equitable lien upon all of the assets of the trust estates, which lien they seek to foreclose by a sale of the assets, if necessary. The declaration of trust provides that the trustees shall not be personally liable for any debts contracted by them, but the same shall be paid out of the trust estates which are charged with a first lien in favor of the trustees for their security against any amounts paid for such liability. The plaintiffs have filed a notice of pendency of this action, with the result that about $35,000,000 of assets in possession of the trustees have been tied up, every parcel of real estate held by the trustees is affected, and no sale of any such real estate can be made without provision for releasing it from the plaintiffs' alleged lien. If the complaint fails to state a cause of action affecting real property, the court has power to cancel the *lis pendens*. (*Marpret Construction Corp.* v. *Hargust Land Corp.*, 214 App. Div. 792.) The complaint does not state a cause of action affecting the title to, or the possession, use or enjoyment of, real property. While the deed of trust gives the trustees a lien upon the assets in their possession as security against any liability

incurred by them, no such lien has been conferred upon the plaintiffs, either by agreement of the trustees or otherwise. It is true that the assets in the hands of the trustees is a designated fund out of which the plaintiffs are entitled to be paid, but that does not give the plaintiffs an equitable lien upon such assets. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298, 303.) The plaintiffs have filed their claims with the trustees, and the original Westchester trustees having resigned, are now accounting and have set up the plaintiffs' claim in their several accounts as liabilities. These accounting proceedings are now being heard by an official referee, and full opportunity is afforded plaintiffs to prove their claims in those proceedings and liquidate their amount. The claims having been thus established will undoubtedly be paid in the due course of administration of these trust estates as and when funds are available. In *Jessup* v. *Smith* (223 N. Y. 203), relied upon by the plaintiffs, the plaintiff was without remedy unless adjudged to have a lien upon the estate which had been benefited by his services. It is not disputed that the plaintiffs have a claim against the assets in the hands of the various trustees, and the plaintiffs have a complete legal remedy without the interposition of equity to establish and collect their claim.

The motion to cancel the *lis pendens* is granted, with ten dollars costs.