CHARLES J. O'CONNOR et al., Appellants, v. WALTER A. LONG et al., Respondents.— In an action to compel the removal of an alleged physical encroachment on appellants' land, which encroachment is said to furnish lateral support to respondents' adjoining land, and for damages, appellants filed a notice of pendency of action against respondents' real property, under section 120 of the Civil Practice Act. Order granting respondents' motion to cancel the notice affirmed, with $10 costs and disbursements. (*Starkie* v. *Nib Constr. Corp.,* 235 App. Div. 699, and cases cited therein.) Nolan, P.J., Adel, Schmidt, Beldock and Murphy, JJ., concur.

■

ALLAN PELCAK, an Infant, by ANN PELCAK, His Guardian ad Litem, Respondent, v. BOARD OF TRUSTEES OF COMMON SCHOOL DISTRICT No. 10, TOWN OF RAMAPO and TOWN OF CLARKSTOWN, ROCKLAND COUNTY, Appellant.— In an action to recover damages for personal injuries, alleged to have resulted when the plaintiff, an infant, was bitten by a dog on the grounds of a school in a common school district, the jury rendered a verdict in favor of the plaintiff. Judgment reversed on the law and the facts, with costs, and the complaint dismissed, with costs. The mother of one of the pupils in the school parked her automobile on school grounds and left her dog in or under the automobile. The infant was dismissed from his class for the day and went to the school grounds to await his mother. The dog appeared to be friendly, and there is no evidence at all that it was vicious. The infant and another boy "barked" at the dog about ten times, and the dog bit the infant in the face. The single teacher then present in this rural school was engaged in her classroom with other pupils preparing to leave and with a visiting mother. It is conceded that the two teachers employed in the school were competent. The evidence is insufficient to establish that the infant's injuries resulted from any negligence on the part of the defendant. (*Hoose* v. *Drumm,* 281 N. Y. 54.) If this court were not ordering a dismissal of the complaint, a new trial would be granted because the verdict is against the weight of the evidence. Nolan, P.J., Adel, MacCrate and Beldock, JJ., concur; Schmidt, J., dissents and votes to affirm, with the following memorandum: The facts in this case bring it within the rule laid down in *Selleck* v. *Board of Educ.* (276 App. Div. 263, motion for leave to appeal denied 300 N. Y. 764), where a judgment for the plaintiff was affirmed.