CHARLES SCHLAIFER et al., Plaintiffs, *v.* SHELBY-COLERIDGE, INC., Defendant.

Supreme Court, Special Term, Westchester County, April 13, 1954.

*David Friedman* for defendant.

*Gerlich & Powers* for plaintiffs.

EAGER, J. This is a motion by the defendant to cancel of record a notice of pendency of this action filed against the premises of the defendant. The authority for the filing of a notice of pendency is found in section 120 of the Civil Practice Act, which provides for the filing of such a notice " In an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property ". The question on this motion, therefore, is does the complaint state a cause of action

" affecting the title to, or the possession, use, or enjoyment " of the particular real property against which the notice has been filed. If it does not, the court has the power to cancel the notice (see *Schomacker* v. *Michaels*, 189 N. Y. 61, and *Hurdman* v. *Kelly*, 167 Misc. 945) and should do so (*Starkie* v. *Nib Constr. Corp.*, 235 App. Div. 699). For the purpose of the motion, the complaint only is considered and the allegations thereof are deemed to be true (see *Marpret Constr. Co.* v. *Hargust Land Corp.* 214 App. Div. 792; *Bay Court Estates* v. *Dickerson*, 194 N. Y. S. 190, affd. 202 App. Div. 731, and *Novitsky* v. *Ruda*, 138 Misc. 346).

By the particular complaint before the court, the plaintiffs do not make any claim of any title, right to possession or use of the specific lots owned of record by the defendant. In fact, it is specifically alleged in the complaint that the defendant was " and now is, seized in fee and lawfully seized as owner in fee simple and in possession " of the said lots. The complaint has solely to do with alleged trespasses upon and wrongful use by defendant of the adjoining lot owned by the plaintiffs. What the plaintiffs seek in the action is a judgment declaring the rights of the parties in the said lot of the plaintiffs; judgment against defendant for possession of said lot and for an injunction compelling the defendant to remove earth encroaching on said premises and a drainpipe therefrom and from discharging water thereon; for judgment compelling the defendant to restore plaintiffs' lot to the same condition it was before the placing thereon of the earth fill and the drainpipe; and judgment for damages.

The subject of the action is trespasses upon and the use and possession of plaintiffs' lot, and not the title to or the use or possession of the defendant's lots against which the notice is filed. Therefore, the motion is granted. (Cf. *O'Connor* v. *Long*, 283 App. Div. 887, and *Meissner* v. *Van Iderstine*, 206 Misc. 418.)

Submit order on notice.