· SIMONSON v. SINSHEIMER et al.

(Circuit Court of Appeals, Sixth Circuit. February 12, 1900.)

No. 777.

1. INVOLUNTARY BANKRUPTCY—TRIAL BY JURY—REVIEW ON APPEAL.

In the case of a petition in involuntary bankruptcy, alleging as an act of bankruptcy the making of a general assignment for creditors, where the defense set up by the debtor is that the petitioning creditors are estopped, by their conduct with reference to the assignment, to maintain a petition based thereon, he is not entitled to a trial by jury; and consequently an appeal from the order adjudging the defendant bankrupt may be treated as an appeal in equity would be treated, and the appellate court may review the facts as well as the law of the case.

2. SAME—PETITIONING CREDITORS—ESTOPPEL.

Where a debtor made a general assignment for the benefit of his creditors, and the assignee qualified and brought a suit in the proper state court for the settlement of the trust under the direction of the court, and within four months thereafter certain creditors filed a petition in involuntary bankruptcy against the assignor, alleging such assignment as an act of bankruptcy, held, that they were not estopped to maintain such petition, on the ground of their having participated in the proceedings under the assignment, not having filed their claims, although they submitted to the assignee, at his request, unverified statements of their claims, for the purpose of enabling him to compare the same with the entries in the insolvent's books.

3. SAME.

Nor are such creditors estopped from maintaining the petition because, having knowledge of the assignment and of the acts of the assignee thereunder, they delayed instituting proceedings in bankruptcy for about two months, where it appears that the petition was prepared soon after the assignment, and was withheld at the request of the defendant, and on the representation that he was about to offer a composition to his creditors.

4. SAME.

Although an order made by the state court for the sale of the assignor's goods was submitted to the attorneys for the said creditors, and by them indorsed "Seen," this does not bind the creditors to participation or acquiescence in the proceedings in the state court, where it is shown that such indorsement was not made on their behalf, but in the interest of a member of the bankrupt's firm, who desired, through those attorneys, to be informed of what was being done in the state court.

5. SAME.

Pending a proposition for compromise, the petitioning creditors sold to the assignee small bills of goods to replenish the stock and make it more salable, and received from him the price thereof. Held not such an act as would estop the creditors from impeaching the validity of the assignment by subsequent proceedings in bankruptcy against the assignor.

Appeal from the District Court of the United States for the District of Kentucky.

This is the second appeal of the appellant from the judgment of the district court at Louisville, adjudging the partnership of Simonson, Whiteson & Co., in which the appellant was a partner, to be bankrupts. The decision of this court on first appeal is reported in 37 C. C. A. 337, 95 Fed. 948. The petition in bankruptcy was filed on February 14, 1899, by three firms, who alleged that they were creditors of the defendant partnership, in the aggregate sum of $10,000. It averred that on the 5th day of December, 1898, the defendants, as partners, had committed an act of bankruptcy in making an assignment to one Comingor; that the firm was then insolvent; that Comingor had accepted the trust on the deed of assignment, and had duly qualified as such assignee,

and entered upon his duties as such; that he had sold the stock belonging to the estate of the firm, and had in his hands, as the proceeds of the sale of such stock, about $70,000. Some days after the time within which the defendants were required to answer they tendered an answer to the petition. The district court declined to allow the answer to be filed, on the ground that it did not state a good defense. The appeal taken was from the refusal of the court to allow the answer to be filed. This court held that one of the defenses set up in the answer, if true, created an estoppel against the petitioning creditors from prosecuting their petition in bankruptcy. The defense was that the petitioners had been made parties to the judicial proceedings in the state circuit court taken to enforce the deed of the assignment for the benefit of creditors, had filed claims thereunder, had taken part in the administration of assets by seeking payment of their claims out of the same, and had requested a reference by the state court to pass upon the claims or accounts of the assignee and the questions of distribution. It was held by this court, reversing the district court, that these averments in the answer were such an affirmative recognition of the validity of the assignment and participation in its benefits as to estop the petitioners from now seeking to set that assignment aside in bankruptcy. The cause was remanded to the district court for further proceedings not inconsistent with the opinion. The district court, pursuant to the mandate, allowed the answer to be filed; whereupon the petitioners presented an amended petition, to which an answer was filed. The amended petition averred that the petitioners had no knowledge whatever of any intention on the part of the defendants to execute a deed of assignment, or any knowledge that any deed of assignment had been executed, until several days after the assignment had been made; that they did not do any act tending to induce the making of the assignment; and that they never participated therein, or recognized the validity thereof. They averred that immediately after they learned of the making of the assignment they instructed counsel to prepare a petition in bankruptcy against said defendants; that such petition was prepared, and that the defendants were notified of the petitioners' purpose to file the same; that the petitioners were induced not to file it by the representations of the defendants that they were preparing a proposition to offer creditors a composition of 50 cents on the dollar, and that, at the earnest solicitation of the defendants, the filing of the petition was delayed until it could be ascertained whether such a composition was possible; that the defendants were unable to procure the signatures of the necessary number of creditors to the composition; and that some time shortly after the 1st day of February, 1899, having learned of the failure, the petition in bankruptcy was directed to be filed. The petitioners aver that they were not, nor were any of them, made parties to the suit brought by Comingor, assignee of the defendants, in the Jefferson circuit court, for a settlement of the estate of the defendants, assigned to him as aforesaid; that no summons or process of any kind was ever issued for or served upon them, or either or any of them, in the said suit, and that they had not in any manner entered their appearance to said suit; that they had not, nor had any of them, filed their claims in the said suit, nor had they, or any of them, taken any part whatever in the administration of the assets of the said assigned estate by the state court, nor had they, or any of them, sought payment of their claims out of the proceeds of the assets of said assigned estate through the said suit or any other state court proceedings. In an answer to the amended petition, the defendants denied that they requested a delay in the filing of the petition in bankruptcy in order to procure the composition of the debts. The answer further avers "that, while in the original answer filed herein it is stated that the petitioning creditors had actually become parties to the suit in the state court, yet upon examination the defendant finds that their claims have not been actually filed in said cause, and he withdraws so much of the said answer as state that fact." All the other averments of the petition stated above are specifically denied. The answer further avers that the petitioning creditors did take part in the administration of the assets in the Jefferson circuit court, although not parties thereto; that the petitioners' counsel representing them at the time requested the judge presiding at the cause not to enter any order disposing of the estate without their knowledge; that on the 25th of January, 1899, the assignee filed a further petition for advice in said action, requesting authority

to sell the remainder of the stock of goods as a whole; that this order was presented to plaintiffs' counsel, and was marked with the words, "Seen. K., B. & S.," in the handwriting of one of plaintiffs' counsel, and thereupon the court entered the order. The answer further avers that, in carrying out the purpose of the assignment to sell the goods of the defendants, the assignee purchased of two of the petitioning firms bills of goods which were invoiced to him as assignee, and paid for by him out of the assigned estate. The answer further avers that everything which was done by the assignee in the sale of the goods at retail, the supplying of the broken stock, and the final sale of remnant at public auction, was all with the full knowledge of the petitioning creditors, and that by their delay in filing the petition until February 14, 1899, nearly two months and a half after the assignment, they recognized the valid obligation and purpose of the assignment proceedings taken in the state court to wind up the estate, and to distribute the fund among those entitled thereto. Evidence was heard at length upon the issues made by the petition and answer, and the court filed an opinion finding the facts substantially as averred in the petition, and accordingly decided that the facts did not estop the petitioners from prosecuting this proceeding, and that the judgment of involuntary bankruptcy should be against the defendants.

A. P. Humphrey, for appellant.
D. W. Baird, for appellees.

Before TAFT, LURTON, and DAY, Circuit Judges.

TAFT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

We are met at the outset of this appeal by the contention on the part of the appellees that, as the defendants were entitled to the trial by jury on the issue made by the petition and answer, the method of procedure in the court of appeals in reviewing the action of the court below should be in accordance with the rules which obtain in respect of the hearing of writs of error to judgments of law in cases where a jury is waived by stipulation in writing under a statute. The provisions of the bankrupt act relating to this subject are as follows:

Section 18d of the bankrupt act provides:

"If the bankrupt or any of his creditors shall appear within the time limited, and controvert the facts alleged in the petition, the judge shall determine, as soon as may be, the issues presented by the pleadings, without the intervention of a jury, except in cases where a jury trial is given by this act, and make the adjudication or dismiss the petition."

Section 19a provides:

"A person against whom an involuntary petition has been filed shall be entitled to have a trial by jury, in respect to the question of his insolvency, except as herein otherwise provided, and any act of bankruptcy alleged in such petition to have been committed, upon filing a written application therefor at or before the time within which an answer may be filed. If such application is not filed within such time, a trial by jury shall be deemed to have been waived."

Section 25a provides:

"That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit court of appeals of the United States, and to the supreme court of the territories, in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt. * * * Such appeal shall be taken within ten days after the

judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

The right of a trial by jury in bankruptcy proceedings is limited to the question of the insolvency of the defendant, and, as no such issue was made on this hearing by the petition and answer, there was no right to a trial by jury. It has been held by the supreme court of the United States in the case of West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, that, in a petition of involuntary bankruptcy founded on an assignment for the benefit of creditors, an averment of insolvency of the defendants raises an immaterial issue. Hence it cannot be that, under the petition and answer in this case, there was any right of trial by jury on either side. There is no difficulty in such a case, therefore, in following the section 25a, quoted above, and in treating this appeal as an appeal in equity would be treated. An appeal as in equity cases necessarily involves the idea of a re-examination by the appellate court of both the facts and the law of the case. Egan v. Hart, 165 U. S. 188, 17 Sup. Ct. 300, 41 L. Ed. 680; Dower v. Richards, 151 U. S. 663, 14 Sup. Ct. 452, 38 L. Ed. 305; In re Neagle, 135 U. S. 142, 10 Sup. Ct. 658, 34 L. Ed. 55. Hence it becomes our duty in this case to re-examine the evidence. After doing so, we concur with the district court in finding that the petitioning creditors did not become parties to the proceedings in the state court to settle the estate of the defendants under the deed of assignment, that they did not file their claims in that proceeding, and that they did not file their claims with the assignee before that proceeding was begun. The assignee wrote and asked from them statements of account, which they gave. It was not filed with the assignee for the purpose of becoming a party to the assignment, but was a mere answer to the inquiry. It may be that in Kentucky the mere fact that the claims filed with the assignee are not properly verified, as required by statute, does not render such claims null and void, but it certainly must appear that claims were in fact filed as such. A mere statement of account, not filed for the purpose of making the claim, cannot be treated as such.

Further, we are satisfied, from an examination of the evidence, that the reason why the petition in bankruptcy was not filed until February, 1899, though prepared shortly after the deed of assignment, was the promise of a speedy settlement and composition of the claims by the defendants, which might make unnecessary all the proceedings in bankruptcy. As the delay was due to the solicitation of the defendants, it could not have misled them into a change of any position. We further find that the indorsement of the order of sale in the state court, which was made in initials by one of the counsel for the petitioning creditors, was not made on behalf of those creditors, but was made on behalf of one of the bankrupts, not a party to this appeal, who desired, through the counsel, to learn what was being done in the state court. It was not binding upon the petitioning creditors, and was not intended to be.

The sale by the petitioners of two small bills of goods to the assignee, and the receipt of the money for the same, was not an act

which was calculated to mislead any one into the belief that petitioners affirmed the validity of the assignment, and did not intend to impeach it. Haydock v. Coope, 53 N. Y. 68, is closely analogous upon this point, and supports our view. Under these circumstances, we do not think that the petitioning creditors, by their delay, misled the defendants or others to believe that they were not intending to file a petition in bankruptcy within the required four months. The averments of the answer upon which the other case turned have not been proven. The chief of them has been withdrawn.

If it is material, we cannot find from the evidence that these proceedings are not being prosecuted in good faith. They were projected soon after the assignment, and were withheld only for a composition which failed. The result is that the action of the district court in adjudging the defendants to be bankrupt was correct. The order appealed from is affirmed.