### In re CHRISTENSEN.

(District Court, N. D. Iowa, Cedar Rapids Division. April 27, 1900.)

Bankruptcy—Proof and Allowance of Claims—Trial by Jury.

    A creditor presenting a claim for proof and allowance against the estate of a bankrupt, which is contested by the trustee, is not entitled to demand a trial by jury. Proceedings in bankruptcy being of equitable cognizance, the seventh amendment to the constitution of the United States does not apply thereto, and no act of congress at present in force authorizes trial by jury in such cases.

In Bankruptcy. On review of decision of referee in bankruptcy.

Chase & Seaman, for trustee in bankruptcy.
George B. Phelps and C. H. George, for creditor.

SHIRAS, District Judge. In the above proceedings, pending before the referee for Clinton county, there was filed, on behalf of E. S. Randall, a claim against the estate of the bankrupt in the sum of $386.50, against which the trustee entered a contest, denying some of the items of the claim, and pleading a counterclaim as to the remainder. Thereupon the creditor filed before the referee a written demand, asking that the issues thus presented should be tried before a jury, and in support of the demand relies upon the provisions of the seventh amendment to the constitution of the United States, which declares that, "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." It is well settled that this provision of the constitu-

tion does not apply to cases of admiralty or equitable jurisdiction. Waring v. Clarke, 5 How. 441, 12 L. Ed. 226; Webster v. Reid, 11 How. 437, 13 L. Ed. 761; Shields v. Thomas, 18 How. 253, 15 L. Ed. 368. It is equally well settled that proceedings in bankruptcy are of equitable cognizance, and therefore the provisions of the seventh amendment are not applicable thereto. Thus, in Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672, it is said:

"The argument is much pressed that, by leaving all questions relating to the liability of receivers in the hands of the court appointing him, persons having claims against the insolvent corporation or the receiver will be deprived of a trial by jury. This, it is said, is depriving a party of a constitutional right. * * * But those who use this argument lose sight of the fundamental principle that the right of a trial by jury, considered as an absolute right, does not extend to cases of equity jurisdiction. * * * So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus, a claim of debt or damages against the bankrupt is investigated by chancery methods."

These decisions were rendered under the bankruptcy acts prior to that now in force, but they settle the proposition that the provisions of the seventh amendment to the constitution are not applicable to proceedings in bankruptcy, because the same are in equity. By section 19 of the act now in force, it is provided that a person against whom an involuntary petition is filed shall be entitled to a trial by jury if he demands the same, but as to other matters in controversy the right to a jury trial is to be determined by the laws of the United States now in force or such as may be hereafter enacted. There is no statute now in force granting a jury trial in equity cases, and therefore it follows that the rule announced in Barton v. Barbour, supra, is applicable under the act now in force; and consequently it must be held that the creditor is not entitled, as a matter of right, to demand a jury trial on the issues presented by the contest over his claim.