In re TYLER.

(District Court, W. D. New York. September 20, 1900.)

BANKRUPTCY — TITLE OF TRUSTEE TO BANKRUPT'S PROPERTY — RECEIVER OF STATE COURT.

Code Civ. Proc. N. Y. § 2468, provides that the property of a judgment debtor vests in a receiver appointed in supplemental proceedings, who has duly qualified, from the time of filing the order appointing him, subject to the exception that, "(2) where the judgment debtor at the time the order is filed resides in another county in the state, his personal property is vested in the receiver only from the time when a copy of the order, certified by the clerk in whose office it is recorded, is filed with the clerk of the county in which he resides." Held, that under such provision a receiver appointed in a county other than that in which the judgment debtor at the time resided, and a copy of whose appointment had not been filed in the county of the debtor's residence at the time the latter was adjudged a bankrupt, had acquired no title or claim to the personal property of the debtor as against the trustee in bankruptcy.

In Bankruptcy.

Frank L. Barnet, for bankrupt.

Henry W. Hall, for respondent.

HAZEL, District Judge. This is a motion to continue an order restraining Edward A. Woodward, as receiver of the property of Georgia C. Tyler, the bankrupt herein, Alfred Perrez, and Henry W. Hall, his attorney, from selling or disposing of any property or effects of said bankrupt, or in any way interfering with the same. Judgment was recovered against the bankrupt in the county of Monroe, N. Y., on the 19th day of June, 1899, and, execution being returned unsatisfied, was followed by the appointment of a referee in proceedings supplementary to execution. The judgment debtor was examined before the referee from time to time, and when the action was instituted, and during the time of such examination, was a resident of Monroe county, N. Y. On August 13, 1900, a receiver of all the personal property of the judgment debtor was appointed by the county judge of Monroe county. The order of appointment was duly served on the judgment debtor. The receiver qualified, and entered upon the discharge of the duties of his office, and took into his possession certain personal property belonging to the judgment debtor, the bankrupt herein. Subsequently, and on the 27th day of August, 1900, the judgment debtor was adjudicated a bankrupt, and at the time of such adjudication, and for six months prior thereto, the judg-

ment debtor was a resident of the county of Erie, N. Y. By section 2468 of the New York Code of Civil Procedure it is provided that:

"The property of a judgment debtor is vested in a receiver, who has duly qualified, from the time of filing the order appointing him; * * * subject to the following exceptions: (2) Where the judgment debtor at the time the order is filed, resides in another county in the state, his personal property is vested in the receiver only from the time when a copy of the order certified by the clerk in whose office it is recorded, is filed with the clerk of the county where he resides."

The question now is whether the personal property of the judgment debtor is vested in the receiver, who has qualified, although no certified copy of the order of appointment was filed in the office of the clerk of the county where the defendant resided; or, such order not having been filed, should not the personal property now in the possession of the receiver be delivered to the trustee hereafter to be appointed herein, to be administered by him as a part of the assets of the bankrupt's estate? It was admitted on the argument that the plaintiff in the action knew of the change of residence of the defendant from Monroe county to Erie county, N. Y., and it does not appear, nor is it claimed, that a certified copy of the order appointing the receiver was filed in Erie county, where the judgment debtor resided at the time of the appointment; nor does it appear where the personal property was situated at the time it came into the possession of the receiver. Federal courts are reluctant to interfere with the discharge of the duties of a receiver appointed by a state court. It was held recently that "a federal court will neither interfere with property in the lawful custody of a state court, nor tolerate interference by a state court with property in its custody." In re Russell, 41 C. C. A. 323, 101 Fed. 249. But the property to be in the lawful custody of the receiver must be vested in him, as provided by law; and in the case at bar it vested in him only from the time when a copy of the order, certified by the clerk in whose office it was recorded, is filed in the county where the judgment debtor resides. A strict construction of this provision of the statute gives to the receiver no right of possession to the personal property of the bankrupt. The object of the statute obviously was to give notice of the rights of the receiver of the property to the judgment debtor that the receiver had a lien thereon, and that the property of the judgment debtor located in the county where he resides vested in him. It was not enough to file the notice of the appointment of the receiver with the clerk of the county where the judgment was entered. Title does not vest in the receiver until a certified copy of the order is filed with the clerk where the judgment debtor resides. Nicoll v. Spowers, 105 N. Y. 1, 11 N. E. 138; Staats v. Wemple, 2 How. Prac. (N. S.) 161. No action can be maintained to acquire possession of the debtor's property before the order of appointment as receiver is filed in the proper clerk's office, not only in the county where the judgment is recovered, but also in the county where the judgment debtor resides. It was so held in Kimball v. Burrill, 14 N. Y. St. Rep. 536. I think failure to file the order as required by subdivision 2, § 2468, of the Code of Civil

.Procedure of the State of New York, is fatal; that the receiver has no claim to the property against the claim of the trustee in bankruptcy, and was not vested with title to the property of the bankrupt prior to the adjudication in bankruptcy. It follows, therefore, that the order heretofore granted restraining and enjoining the receiver of the property of the bankrupt from disposing or selling said property or interfering therewith must be continued. An order may be entered accordingly.