### MORSS v. FRANKLIN COAL CO.

(District Court, M. D. Pennsylvania. November 23, 1903.)

#### No. 361.

1. INVOLUNTARY BANKRUPTCY — JURY TRIAL — WHEN DEMANDABLE — DENIAL THAT PETITIONERS ARE CREDITORS.

The only issues on which a person against whom an involuntary petition in bankruptcy has been filed is entitled of right to a jury trial are with respect to his insolvency and the acts of bankruptcy with which he is charged. He is not entitled to one with respect to whether the petitioners are in fact creditors, so as to be entitled to maintain the proceedings.

In Bankruptcy. Motion to limit issues.

W. J. Hand, for petitioners.
W. S. Diehl, for respondent.

ARCHBALD, District Judge. The respondent, in its answer, denies that it is insolvent, or has committed the act of bankruptcy charged; and further alleges that the petitioners are not entitled to

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 140.

maintain these proceedings, not being in fact creditors. Upon all of these three issues it demands a jury trial. But as to whether the petitioners are creditors, it is clear that it is not entitled to any, unless the court sees fit to allow it. By section 18d of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]):

"If the bankrupt or any of his creditors shall * * * controvert the facts alleged in the petition, the judge shall determine as soon as may be the issues presented by the pleadings without the intervention of a jury, except in cases where a jury trial is given by this act."

Supplementing this, it is provided in section 19a that:

"A person against whom an involuntary petition has been filed, shall be entitled to have a trial by jury in respect to his insolvency * * * and any act of bankruptcy alleged in such petition to have been committed, upon filing a written application therefor, at or before the time within which an answer may be filed."

The combined result of these two sections is to give a jury trial of right in the two instances named, but not in others; the latter section being entirely superfluous if it was demandable in every case. Simonson v. Sinsheimer, 3 Am. Bankr. R. 824, 100 Fed. 426, 40 C. C. A. 474; In re Christensen, 4 Am. Bankr. R. 99, 101 Fed. 243. There is nothing in section 19c in conflict with this. The right which is there given "to submit matters in controversy, or an alleged offense against the act, to a jury," according to the laws of the United States then in force, or thereafter to be enacted, is simply a saving provision preserving such right as to any criminal offense created by the act as was necessary to meet the requirements of the Constitution; but leaving other controverted matters, outside of those raised by the pleadings, which, according to section 18d, are to be determined by the court, to be disposed of according to the prevailing procedure. As was pointed out in Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672, with regard to the bankruptcy act of March 2, 1867, c. 176, 14 Stat. 517:

"In cases of bankruptcy many incidental questions arise in the course of administering the bankrupt's estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. * * * The bankruptcy court may, and in cases peculiarly requiring such a course will, direct an action or an issue at law to aid it in arriving at a right conclusion. But this rests in its sound discretion."

The motion is allowed, and the issues to be determined by the jury are limited to the alleged insolvency of the bankrupt, and the act of bankruptcy charged in the petition to have been committed.