In re CEFOLA.    In re TOMBACH & McPHEE.    In re URSONE.

(District Court, S. D. New York.    April 8, 1915.)

1. BANKRUPTCY ⬪172—LIENS—PROCEEDINGS SUPPLEMENTARY TO EXECUTION.
     Code Civ. Proc. N. Y. § 2464, provides that, in supplementary proceedings, notice of the application for an order appointing a receiver must be given personally to the judgment debtor, unless he cannot with diligence be found within the state, in which case notice may be dispensed with ,or given, as the judge thinks proper; section 2468 provides that the property of the judgment debtor is vested in the receiver from the time of filing the order appointing him or extending his receivership; and section 2469, subd. 1, provides that, where an order requiring a debtor to be examined has been served before the appointment of a receiver or the extension of the receivership, the receiver's title extends back, so as to include the personal property of the judgment debtor at the time of the service of such order, and subdivision 3 provides that, where notice of the application for the appointment of the receiver was given to the judgment debtor, the receiver's title extends to the personal property of the debtor when the notice was served. Held, that where no order to appear for examination was ever served, and the order appointing the receiver was obtained without notice, or, if substituted service of the notice was made, the requirements of the order for such service had not been complied with when the receiver was appointed, the title vested in the receiver as of the date of his appointment, or as to a judgment to which the receivership was subsequently extended, as of the date of the order extending the receivership, which dates were within four months before the filing of the petition in bankruptcy.
     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 220; Dec. Dig. ⬪172.]

2. BANKRUPTCY ☞20—ENJOINING PROCEEDINGS IN STATE COURTS.

> Whether the property of the bankrupt should be distributed in the state court or in the bankruptcy court, its distribution in the supplementary proceedings should be enjoined until the appointment of a trustee, who might take such proceedings as he might be advised to be necessary for his protection.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. ☞20.]

In Bankruptcy. In the matter of Donato M. Cefola, alleged bankrupt. On motion to vacate a stay of proceedings under executions on judgments obtained by Tombach & McPhee and Vincenzo Ursone. Stay modified.

Motion to vacate a stay issued on the motion of petitioning creditors by the bankruptcy court against two judgment creditors and their receiver, appointed by a state court in proceedings supplementary to two executions. The dates are as follows: The petition was filed March 11, 1915; receiver in supplementary proceedings was appointed on December 21, 1914, at application of Vincenzo Ursone upon a judgment obtained in the state court October 30, 1914; execution on Ursone judgment was issued November 19, 1914; order granted December 9, 1914, directing bankrupt to appear in proceedings supplementary to execution. The order was never served, but receiver was appointed upon showing that the bankrupt could not be found within state with diligence. This receivership was extended on January 11, 1915, to Tombach & McPhee judgment, on which execution issued July 2, 1914, and supplementary proceedings were commenced July 6, 1914.

Max Silverstein, of New York City, for Tombach & McPhee.

Isidor E. Schlesinger, of New York City, for Ursone.

Henry M. V. Connelly, of New York City, for petitioning creditors.

LEARNED HAND, District Judge (after stating the facts as above). [1] The question is certainly controlled by the state law, particularly sections 2468, 2469, of the Code of Civil Procedure. The first section says that property vests in the receiver in supplementary proceedings from the date of his appointment, or of the extension of the receivership to the judgment. These dates are too late concededly. The second section defines the relating back of the title. The first subdivision applies to cases where the judgment debtor is served with the order directing him to appear for examination before the receiver is appointed. The papers show that this was never done, but, on the contrary, that the order appointing the receiver was made in accordance with the second sentence of section 2464, authorizing an appointment without notice, when the debtor could not be found within the state. The third subdivision of section 2469 provides for the relating back of the title when the order was not personally served, but when notice was given of the application for a receiver, either personally or by substitution. This subdivision does not apply to the case at bar, because neither was personal service, nor any substituted service, ever made. If it be thought that substituted service was in fact made, it is not shown that the requirements of the order for substituted service had been complied with before December 11, 1914. It follows that none of the provisions of section 2469 apply, and that the title

vested under section 2468, as of the date of December 21, 1914, for Tombach & McPhee, and January 11, 1915, for Ursone.

[2] It is quite true that the Supreme Court has held that in the case of a judgment creditor's bill the levy relates back to the date of bill filed (Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122), at least when the bill is to set aside a fraudulent conveyance. Assuming the same to be true in cases of creditors' bills merely to reach assets not subject to levy, I think the matter is nevertheless clearly one of state law, as I have said, and that, when the state law prescribes the title of the judgment creditor through its receiver, it must be paramount. In re Tyler (D. C.) 104 Fed. 778. In any case, at the present time the question is not of distributing the money, whether in the state court or in this court, but only of an injunction against its distribution till a trustee is appointed, who can take such proceedings as he may be advised to be necessary for his protection. Clearly the case requires so much relief.

The stay will be limited to a period 20 days after the trustee has been appointed and qualified and after service on him of a copy of the modifying order; otherwise, it will be maintained.