At the close of the case the plaintiff's attorney moved for the direction of a "verdict in favor of the plaintiff for the premium of $1,364.-45, with interest amounting to $128.46, and also for the counsel fee of $650, with interest from the date of the commencement of this action, which amounts to $34.43, making a total of $2,177.39." The learned trial justice granted the motions in full. He should have granted the first motion, and denied the second.

The judgment should be reduced by $684.45, and, as so modified, affirmed, with costs to the appellant. Order filed. All concur.

(173 App. Div. 689)

## In re BERMAN.

## Appeal of CORY.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞170—RIGHTS AND DUTIES of ASSIGNEE.

Although the assignee for the benefit of creditors fails to record the assignment as required by statute, or give bond, the assignment is nevertheless valid, and he has title to the property; the requirements being directory only.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 481; Dec. Dig. ☞170.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞170—RIGHTS AND DUTIES OF ASSIGNEE—RIGHTS OF RECEIVER—SUPPLEMENTARY PROCEEDINGS.

Although the assignee for the benefit of creditors fails to record the assignment or give bond as required by statute, since he nevertheless has title in behalf of the creditors, he cannot be required to turn over the property to a receiver in proceedings supplementary to execution brought by single creditor.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 481; Dec. Dig. ☞170.]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞212, 214—RIGHTS AND DUTIES OF ASSIGNEE—REMOVAL OF ASSIGNEE.

Failure of the assignee for the benefit of creditors to record the assignment or give bond as required by statute furnishes ground for his removal; but the court, on removing him, must appoint a new assignee, as required by Debtor and Creditor Law (Consol. Laws, c. 12) § 8.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 691–709, 716–724; Dec. Dig. ☞212, 214.]

4. CONTEMPT ☞21—DISOBEDIENCE OF COURT ORDERS—VALIDITY OF ORDER.

Where an order directing payment of funds by the assignee for the benefit of creditors to a receiver illegally appointed was unauthorized, the assignee properly refused to obey it, and could not be punished for contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 34, 63–66; Dec. Dig. ☞21.]

Appeal from Special Term, New York County.

Proceeding in the matter of the assignment of Jacob Berman to Albert B. Cory for the benefit of his creditors. From an order removing Cory as assignee, and requiring payment of assets by him to Samuel Mandelbaum, receiver, and from an order punishing Cory as for civil

contempt in refusing to obey such order, Cory appeals. Orders reversed, and motions for such orders denied.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

William N. Lewis, of New York City, for appellant.

Morris Jolles, of New York City, for respondent.

SCOTT, J. These two orders may conveniently be considered together. On December 1, 1915, Jacob Berman, being indebted to various persons, and among others to the corporation of Austin Nichols Company, made an assignment for the benefit of his creditors to one Albert B. Cory, who is connected with the credit department of said corporation. This assignment is not printed in the record, but no question is made as to its form or validity. The assignor's assets were small, and realized only $400, which was received, and, at the time orders appealed from were made, was still held, by the assignee. In January, 1916, the respondent, Samuel Mandelbaum, was appointed receiver of all the chattels and assets of said Jacob Berman in proceedings supplementary to execution instituted to collect a judgment theretofore obtained against said Berman by a firm doing business as Politizner Bros. Cory, the assignee for the benefit of creditors, omitted to record the assignment as required by statute, or give a bond or take the other steps required of such an assignee. Thereupon a motion was made that he be removed as assignee, and that he be required to turn over all the assets collected by him to the receiver in supplementary proceedings. This motion was granted as made, and from the order granting it the assignee appeals.

[1, 2] It is quite apparent that the order, in so far as it directs the assignee to pay over the funds now in his possession to a receiver in supplementary proceedings, is unauthorized and erroneous. By the assignment the title to the assets passed to the assignee, and the fact that he failed to fulfill the requirements of the statute as to things to be done subsequent to the assignment does not render the assignment itself void, or cause the title to the assets to revert to the assignor. Such requirements are merely directory. Warner v. Jaffray, 96 N. Y. 248, 253, 48 Am. Rep. 616; Nicoll v. Spowers, 105 N. Y. 1, 11 N. E. 138; D. C. M. Ins. Co. v. Van Wagonen, 132 N. Y. 398, 402, 30 N. E. 971. It is true that these decisions were rendered under the old General Assignment Act which has now been superseded by the Debtor and Creditor Law; but with regard to the question now under consideration the two statutes are practically identical, so that decisions under the old law are equally applicable to the new.

[3, 4] The failure of the assignee to record the assignment and to give a bond undoubtedly furnished sufficient reason for his removal, if in the judgment of the court a simple requirement that the assignment be filed and the bond given would not have sufficiently protected the estate; but if the court decided in its discretion to remove the assignee it was its duty to appoint an assignee or assignees in his place, not to turn the funds over to a receiver for the benefit of a single creditor. Debtor and Creditor Law, § 8. This whole question

has now become academic in this case, because it appears that Berman, the debtor, has been thrown into bankruptcy. Since the order directing the assignee to turn over the assets to the receiver was unauthorized and contrary to the statute, the assignee was right in resisting its enforcement, and the order punishing him as for a contempt must fall with the order which he refused to comply with.

Both the orders appealed from are therefore reversed, with $10 costs and disbursements to the appellant in each case, and both motions denied, with $10 costs as to each. All concur.

---

(173 App. Div. 650)

### ZIMMERMAN v. ULLMANN.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. **DEATH** ⬅️58(1)—**EVIDENCE—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.**

   [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78; Dec. Dig. ⬅️58(1).]

2. **WITNESSES** ⬅️388(5)—**CONTRADICTION—LAYING FOUNDATION.**

   In a negligence action, cross-examination of defendant's chauffeur as to whether he had asked one M. to be lenient with him for causing the accident was improperly excluded, since it laid a foundation for contradicting the witness on the material point of his negligence.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1237; Dec. Dig. ⬅️388(5).]

3. **EVIDENCE** ⬅️471(19)—**COMPETENCY—CONCLUSION OF WITNESS.**

   Testimony that the front wheel of deceased's motor cycle looked as if he had lost control of it is incompetent in action for collision.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1899; Dec. Dig. ⬅️471(19).]

Appeal from Trial Term, New York County.

Action by Alfred Zimmerman, as administrator, against Emanuel S. Ullmann. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed and remanded.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and DAVIS, JJ.

Daniel W. Blumenthal, of New York City, for appellant.

O. M. Quackenbush, of New York City, for respondent.