MAX WASSERMAN, Plaintiff, *v.* RAYNOR'S FUR CORPORATION, Defendant.

City Court of New York, New York County, June 19, 1930.

*Morris E. Pike*, for the plaintiff.

KELLER, J. Motion by the judgment creditor to compel the assignee of the judgment debtor under a general assignment for the benefit of creditors to turn over the property so received by him to

the sheriff to be applied toward the satisfaction of this judgment. It is urged that as no bond was furnished and the assignment was not filed as required by the Debtor and Creditor Law (§§ 3, 6, as amd. by Laws of 1914, chap. 360), the attempt to assign failed and the property now held by the assignee is assets of the debtor and subject to the order of this court in these proceedings. An assignment for the benefit of creditors executed as prescribed by the statute takes effect from the time of its delivery and not from the time of its recording. (*Nicoll* v. *Spowers*, 105 N. Y. 1) That the assignee failed to perform the acts of bonding and recording required to be done subsequent to the assignment does not render the assignment itself void or cause the title to the assets to revert to the assignor. " Such requirements are merely directory." (*Matter of Berman*, 173 App. Div. 689, 690.) In the case just cited the court, passing upon the identical question presented on this application, said (173 App. Div. 690): " It is quite apparent that the order, in so far as it directs the assignee to pay over the funds now in his possession to a receiver in supplementary proceedings, is unauthorized and erroneous." The cases holding that a general assignment for the benefit of creditors, as well as every assignment " in trust " for creditors not executed in accordance with the requirements of the Debtor and Creditor Law, is absolutely void, must be construed as relating to the instrument itself and to its execution. (*Behrens* v. *Clark*, 131 Misc. 712; *Young* v. *Stone*, 61 App. Div. 364, 369; affd., 174 N. Y. 517; *Britton* v. *Lorenz*, 45 id. 51, 54.)

Motion denied.