## In re GENERAL FOOTWEAR CORPORATION.

District Court, S. D. New York.
Dec. 18, 1931.

Allan D. Emil, of New York City, for petitioning creditors.

Shaine & Weinrib, of New York City (Edward C. Weinrib, of New York City, of counsel), for alleged bankrupt.

WOOLSEY, District Judge.

This motion is, in all respects, granted.

I. The involuntary petition in bankruptcy in this case was filed on September 11, 1931, and relies for the act of bankruptcy, which is required for jurisdiction, on the fact that the alleged bankrupt made a general assignment for the benefit of creditors on or about the 12th day of May, 1931, and that the assignment was recorded in the office of the clerk of the county of New York on the same day.

Paragraph 1 of the answer to this petition, filed by the alleged bankrupt, whilst it denies that the act of bankruptcy set forth in the petition was committed by the alleged bankrupt, alleges in explanation of the denial that the general assignment for the benefit of creditors, which was made by the alleged bankrupt to two assignees as referred to in the petition, was made and executed on May 7, 1931, delivered to the assignee on May 8, 1931, on which date the assignees took possession of the assets assigned to them, and that the petitioning creditors each received before May 10, 1931, actual notice of that assignment, and that consequently, as the petition in involuntary bankruptcy was filed more than four months subsequent to this notice, the admitted assignment does not constitute an act of bankruptcy within the National Bankruptcy Act as amended (11 US CA).

It appears, further, from paragraph 12 of the answer, that on May 12, 1931, the general assignment, referred to, was duly filed and recorded by the assignees in the office of the clerk of the county of New York in pursuance of the provisions of the Debtor and Creditor Law of the state of New York.

On a motion of this kind to strike out a part of the answer, I must assume that the allegations thereof are true, and therefore the question which lies at the basis of this motion is whether under section 3b of the Bankruptcy Act (11 USCA § 21(b), the four months' time, after an act of bankruptcy, within which an involuntary petition must be filed, commences to run from the date of the recording of a general assignment in a state

where such recording is required or permitted, or whether the four months run from the date when the creditors received actual notice of such assignment.

II. Section 3a of the Bankruptcy Act (11 USCA § 21(a) provides, inter alia:

"Acts of bankruptcy by a person shall consist of his having * * * (5) made a general assignment for the benefit of his creditors. * * *"

Section 3b of the Bankruptcy Act (11 USCA § 21(b), so far as here relevant, reads as follows:

"A petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act. Such time shall not expire until four months after (1) the date of the recording or registering of the transfer or assignment when the act consists in having made a transfer of any of his property with intent to hinder, delay, or defraud his creditors or for the purpose of giving a preference as hereinbefore provided, or a general assignment for the benefit of his creditors, if by law such recording or registering is required or permitted, or, if it is not, from the date when the beneficiary takes notorious, exclusive, or continuous possession of the property unless the petitioning creditors have received actual notice of such transfer or assignment."

The Debtor and Creditor Law of New York, § 3, provides for the recording of a general assignment as follows:

"Every such conveyance or assignment shall be duly acknowledged before an officer authorized to take the acknowledgment of deeds and shall be recorded in the county clerk's office in the county where such debtor shall reside or carry on his business at the date thereof. An assignment by copartners shall be recorded in the county where the principal place of business of such copartners is situated. An assignment by a corporation shall be recorded in the county where its principal place of business is situated. When real property is a part of the property assigned, and is situated in a county other than the one in which the original assignment· is required to be recorded, a certified copy of such assignment shall be filed and recorded in the county where such property is situated.

"The assent of the assignee, subscribed and acknowledged by him, shall appear in writing, embraced in or at the end of, or indorsed upon the assignment, before the same is recorded, and, if separate from the assignment, shall be duly acknowledged."

Under the provisions of this section of the Debtor and Creditor Law of New York it is perfectly obvious that the recording or registering of a general assignment is either required or permitted within the meaning of section 3b of the Bankruptcy Act (11 USCA § 21(b). Therefore it matters not whether in order to validate such an assignment it must, as intimated by Judge Manton in Re Colwell Lead Co. (D. C.) 241 F. 922, be recorded, or whether the provisions for recording are permissive merely. See, also, Matter of Berman, 173 App. Div. 689, 160 N. Y. S. 79, in which Justice Scott held that the requirements were directory merely, and referred to three cases in the Court of Appeals as having so held in· construing similar provisions of the former General Assignment Law of New York state. Warner v. Jaffray, 96 N. Y. 248, 253, 48 Am. Rep. 616; Nicoll v. Spowers, 105 N. Y. 1, 5, 11 N. E. 138; Dutchess County Mutual Insurance Co. v. Van Wagonen, 132 N. Y. 398, 402, 30 N. E. 971.

I think it is quite clear from the wording of section 3b of the Bankruptcy Act (11 USCA § 21(b), that in states where by law the recording of a general assignment for the benefit of creditors is required or permitted the four months' period within which a bankruptcy proceeding based thereon must be brought runs from the date of such recording, and that in such states, therefore, an alleged bankrupt cannot properly contend that an assignment made before the recording can be effective in any way to start the running of the said four months' period from any earlier date.·

The rationale of section 3b of the Bankruptcy Act (11 USCA § 21(b), seems to me, on reflection, to be as follows:

Inasmuch as the right to file a petition in involuntary bankruptcy is jurisdictionally conditioned on an act of bankruptcy, committed within a period of four months before the petition is filed, it is highly important that the date when that four months begins to run should, in every proceeding where it is possible, be capable of definite proof by some means independent of the document itself or of other evidence as to the time when the assignee took possession or the creditors had actual notice of the assignment.

In a state in which the law does not so provide, the alternative method of fixing the beginning of the four months' period has to be followed.

In every state, therefore, only one of the alternatives in section 3b is applicable to a general assignment, and which of those it may be depends on the accident of geography and not on the acts of the parties.

Although the reasons I have given therefor may not be the same, my decision herein seems to find support in what was said by the Circuit Court of Appeals for the Fifth Circuit in Little v. Holley-Brooks Hardware Co. et al., 133 F. 874, 876, 877, and in the excellent opinion of referee Cabot in the district of Massachusetts in Re Fishman, 14 A. B. R. (N. S.) 498, which is directly in point on the question here involved; my decision, moreover, does not contravene the implication contained in the opinion by Mr. Justice Hughes in Carey v. Donohue, 240 U. S. 430, at pages 435, 436, 36 S. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295.

It follows, therefore, that the counsel for the petitioning creditors must prevail in his contention and that the first paragraph of the answer to the petition in bankruptcy should be stricken out.

III. The second branch of the motion which is to strike out the demand for a jury trial must also be granted under the authority of West Co. v. Lea, 174 U. S. 590, 599, 19 S. Ct. 836, 43 L. Ed. 1098, and Simonson v. Sinsheimer et al. (C. C. A.) 100 F. 426, 429.

In the latter case there was involved, as there is here, the question to what extent, if at all, the petitioning creditors were estopped from prosecuting their petition in bankruptcy by having participated in the proceedings under a general assignment allowed by state law.

Chief Justice Taft, then a Circuit Judge, said in 100 F. 426, at page 429: "The right of a trial by jury in bankruptcy proceedings is limited to the question of the insolvency of the defendant, and, as no such issue was made on this hearing by the petition and answer, there was no right to a trial by jury. It has been held by the supreme court of the United States in the case of West Co. v. Lea, 174 U. S. 590, 19 S. Ct. 836, 43 L. Ed. 1098, that, in a petition of involuntary bankruptcy founded on an assignment for the benefit of creditors, an averment of insolvency of the defendants raises an immaterial issue."

It is quite clear under this decision that there is not any issue raised in this proceeding which entitled the alleged bankrupt to a jury trial.

IV. Now that the jurisdictional question has been determined in favor of the petitioning creditors, it does not seem to me that there are any real issues left herein. But it may be that, under the decision of Simonson v. Sinsheimer, 100 F. 426, 429, 430 (C. C. A. 6) there are some residual issues as to the possible estoppel of the petitioning creditors by their participation in the proceedings under the general assignment, and as to those issues, which are raised by the special defense set forth in the answer, the petitioning creditors may have an order referring this proceeding to a special master to hear and report thereon. The special master selected must be the referee in bankruptcy who in regular rotation would have charge of this proceeding.

Settle order on two days' notice.