COLONIAL CARPET CORPORATION, Plaintiff, v. ———— ROSEN, Defendant.

City Court of New York, New York County, December 24, 1931.

*Ira M. Greene*, for the judgment creditor.

*Blau, Perlman & Polakoff*, for the trustee.

STEUER, J. The judgment debtor herein turned over to Meyer Lindenbaum, the third party herein, certain assets under a deed of trust purporting to be for the purpose of converting the assets of the judgment debtor into cash and paying the creditors of the debtor ratably. This motion on behalf of the judgment creditor, who did not consent to any of the above steps, is to require the trustee to turn over to the sheriff the sum of $151.94, being the amount of the judgment herein. The motion is based on the ground that the assignment did not conform to the provisions of the Debtor and Creditor Law; ▮ hence was void as against a non-consenting creditor. Against this application it is contended that the assignment is not void because the failure of the trustee to comply with the Debtor and Creditor Law was only in respect to certain directory requirements not affecting the validity of the transaction itself. If this were the case, the opposing party would certainly be correct. (*Matter of Berman*, 173 App. Div. 689; *Matter of Schwartzberg*, 228 id. 174.) The moving party, however, has proved that the difficulties with the assignment transcend the mere directory provisions of the law. Not only was no bond filed nor the assignment recorded, but a sale was held without court order; payments were made to counsel; commissions were deducted, and expenses were paid without any recourse to any court. This procedure demonstrates not only a failure to follow the directory requirements of the Debtor and Creditor Law, but an intent to ignore them. Counsel very properly calls attention to the fact that in an estate as small as this one, if the requirements were met, a very substantial proportion of the entire funds would be diverted from the creditors to meet court expenses. This situation calls for legislative relief, but gives the court passing upon this application no additional discretion. If the provisions of the Debtor and Creditor Law mean anything, they must mean that in a proceeding in which the parties never intended to comply with its terms the assignment is invalid against a dissenting creditor.

Motion is granted to the extent of requiring the third party to pay over from the sums in his possession $151.94 and $10 costs to the sheriff of New York county. Submit order.